RURAL SINGLE SCHOOL DISTRICTS NOS. 2, 3 AND 4 *v.* LAKE CITY SPECIAL SCHOOL DISTRICT.

Opinion delivered June 7, 1920.

1. APPEAL AND ERROR—SUFFICIENCY OF ABSTRACT.—Where the evidence heard by the trial court is not abstracted, it will be presumed that the court's finding was sustained by sufficient evidence.

2. APPEAL AND ERROR—CONFLICT BETWEEN JUDGMENT AND BILL OF EXCEPTIONS.—The judgment and recitals therein are the highest evidence to determine the course, conduct and result of the suit; and where the judgment recited that the cause was heard on other evidence in addition to that abstracted, it controls, notwithstanding recitals to the contrary in docket entries or in bills of exceptions.

Appeal from Craighead Circuit Court, Jonesboro District; *R. H. Dudley*, Judge; affirmed.

The appellants, *pro sese.*

The act and district are void because of the uncertainty of the description of the boundary line. 105 Ark. 392; 122 *Id.* 191; 130 *Id.* 70.

The Legislature has no power to change the bound-aries of school districts, and the act is void.

*J. F. Johnston* and *J. F. Gautney,* for appellee.

Appellants have failed to abstract the evidence, and the judgment should be affirmed.    131 Ark. 362.

HUMPHREYS, J.    Lake City Special School District of Craighead County, Arkansas, was organized by Spe-cial Act No. 672, Acts of the General Assembly of 1919. The act incorporated territory in the district theretofore embraced in Common School District No. 2, Rural Single School District No. 3 and Rural Single School District No. 4, in said county and State.    It was provided by sec-tion 8 of the act that "the county judge of Craighead County, Arkansas, is hereby authorized and directed to change the records, at the next term of this court, after the passage of this act, establishing the boundaries of said district, as described in section 1 of this act, describ-ing it in metes and bounds."    Application was made to the county court of Craighead County at its April term, 1919, to change the records so as to describe the boundary line of Lake City Special School District in the manner described in said act.    The court granted the petition and changed the boundary line in said school district so as to conform to the description of the district contained in the act.    From the order of the county court, changing the boundary line of the district aforesaid, the directors of Common School District No. 2, Rural Single School District No. 3 and Rural Single District No. 4, filed affi-davits within the time required by law for an appeal to the circuit court, and the proceedings had and done in the county court were transcribed and certified by the county clerk to the circuit court of said county.    The cause was submitted in the circuit court at the September, 1919, term thereof, upon the original file of the county court of Craighead County, a certified copy of Act No. 672 of the General Assembly of the State of Arkansas for 1919, the order of the county court appealed from by appellant herein, maps and plans of the United States

survey and other evidence, which resulted in a dismissal of the proceedings instituted by appellants. From the judgment of dismissal, an appeal has been duly prosecuted to this court.

Appellee insists that the judgment of the court should be affirmed because appellants have failed to abstract the evidence adduced at the trial, referred to in the judgment of the court as "other evidence." The abstract does not purport to set forth the evidence referred to. The errors insisted upon by appellants for reversal are of that character which can be determined only on a consideration of the testimony in the case; hence, it was incumbent upon appellant to abstract the testimony of the witnesses, and, having failed to do so, the court will not consider the alleged errors insisted upon for reversal. As has been said by this court: "Where the evidence heard by the trial court is not abstracted, it will be presumed that the court's finding was sustained by sufficient evidence." *Billingsley* v. *Adams,* 102 Ark. 511; *Jones* v. *Bank of Commerce of Fort Smith, Ark.,* 131 Ark. 362.

The great volume of work in this court forbids that the judges take time to explore the transcript to ascertain the testimony of the witnesses in any given case. To do so would greatly retard the work, hence the necessity of rule nine, requiring appellants to abstract the testimony in each case.

The judgment is therefore affirmed for failure to comply with rule nine of this court.

### OPINION ON REHEARING.

HUMPHREYS, J. On rehearing, appellant insists that all the evidence considered by the trial court in the trial of the cause was abstracted in its brief. In proof of this, our attention is called to the following notation on the court's docket: "Submitted to the court upon the pleadings and exhibits," to the bill of exceptions which shows that certain evidence was offered and excluded and in which the following recital appeared: "This was all the

evidence introduced by either party upon the trial of the above entitled cause.''

The docket entry was not the last expression of the court. The bill of exceptions was the act of the judge in vacation. The judgment and recitals therein are the last expressions of the court and the highest evidence by which to determine the course, conduct and result of the suit. Whenever it conflicts with the recitals in docket entries or in a bill of exceptions, the recitals in the judgment will control and all else must yield. If the judgment roll contains an erroneous recital, the only remedy is to obtain a correction thereof. In the instant case, the judgment recites that the case was heard upon other evidence than that set out in the abstract, and we can not treat the recital therein as *dictum,* in accordance with the suggestion of appellant.