A. S. Barboro & Company *v.* James.

4-6921          168 .S. W. 2d 202

Opinion delivered January 11, 1943.

*Robert M. Nelson* and *W. Leon Smith,* for appellant.

*Ivy & Nailling, Holland & Taylor* and *Reid & Evrard,* for appellee.

McFADDIN, J. This case involves a three-car traffic mishap which occurred on U. S. highway No. 61 about six miles south of Blytheville. The three cars involved in the case were: (1) the car owned and driven by Grover Lee Holland and occupied by himself and Mr. Cox and Mrs. Pearl James and her two children, (all of whom were plaintiffs in the court below), and this car will be referred to as the Holland car; (2) the truck owned by Delta Implements, Inc., and driven by its employee, O. D. Dodson, (both being defendants in the court below), and this truck will be referred to as the Delta truck; and (3) the truck owned by A. S. Barboro & Company and driven by its employee, Louis Phillips, (both being defendants in the court below), and this truck will be referred to as the Barboro truck.

On the morning of June 5, 1941, the Holland car was proceeding northerly on the said highway and approaching the Ramey store. The Barboro truck was proceeding southerly on the highway and approaching the Ramey store. The Delta truck was proceeding behind the Barboro truck and in the same direction. The Ramey store is located on the east side of the highway. The concrete highway is twenty feet wide and the shoulders vary from eight to ten feet on each side of the concrete slab. A mile north of the Ramey store the Delta truck was a considerable distance behind the Barboro truck. When the Barboro truck was several hundred feet north of

the Ramey store, its truck driver pushed in his clutch and took his foot from the accelerator and let the truck coast, thereby reducing his speed from thirty miles an hour to a speed which some witnesses testified was a complete stop and other witnesses testified was three or four miles an hour. The purpose of the driver of the Barboro truck was to cross left over the center of the highway and make a delivery to the Ramey store; but he never crossed the center line of the highway, and all the time remained on the concrete slab. As the Barboro truck thus slowed down, the Delta truck continued forward, shortening the distance between the two trucks. When the Barboro truck was going about fifteen miles an hour, the Delta truck was only twenty-five or thirty feet behind it. The Barboro truck driver testified that he was aware of the approach of the Delta truck and noticed that it was gaining on him.

When almost in front of the Ramey store, the Delta truck, suddenly and without any warning, turned to the left and started around the Barboro truck, which was all the time on its righthand side of the concrete slab. The Delta truck was going south at a very fast rate of speed; and the Holland car was proceeding north on the highway, so that the Delta truck passing on the left of the Barboro truck blocked the Holland car's side of the road. The driver of the Holland car saw the Delta truck cutting out of the line of traffic and blocking the road, and the driver of the Holland car turned to the dirt shoulder on his right in an effort to avoid the crash; but the Delta truck continued forward and collided with the Holland car, the crash happening almost in front of the Ramey store. The Barboro truck never left its side of the concrete slab and was never touched by the Delta truck or the Holland car.

The plaintiffs sustained serious and painful injuries and brought suits against the Delta company and its driver and the Barboro company and its driver, claiming the defendants to be joint tortfeasors and that the plaintiffs were injured through the negligence of the Delta car and its driver concurring with the alleged negligence of the Barboro car and its driver. The allega-

tions of negligence leveled against the Barboro truck and its driver were: (a) bringing the truck to a sudden stop without giving the proper signal; (b) failing to exercise ordinary care to avoid injuries to the plaintiffs after discovering their position of peril; and (c) obstructing the paved portion of the highway so as not to leave as much as twenty feet thereof available for other vehicles using the highway.

The case was tried to a jury and resulted in substantial verdicts and judgments for each of the plaintiffs against each and all of the defendants. The amount of the verdicts is not challenged on this appeal. The Barboro company and its driver have duly appealed. The original plaintiffs in the court below are appellees here; and Delta Implements, Inc., and its driver also join as appellees here.

The record consists of over 550 pages with numerous exhibits; but the issues here may be simplified to three questions: (1) The appellants contend that a directed verdict should have been given for them on their motion. (2) The appellants complain that their rights were prejudiced by allowing one of the attorneys for the appellees to emphasize the insurance coverage of the appellants. (3) The appellants complain of the action of the trial court in giving and refusing certain instructions.

We dispose of these issues in the order listed:

(1) The question of the directed verdict: The appellants claim that the sole proximate cause of the plaintiff's injuries was the negligence of the Delta truck and its driver, and that the Barboro truck driver observed all the laws and rules of the road and was in no wise guilty of any negligence, and that the request for an instructed verdict should have been granted in favor of the Barboro company and its driver.

The negligence of the Delta driver is conceded in this appeal and the Delta Implements, Inc., and its driver join as appellees: but the negligence of the Delta truck driver neither proves nor disproves the negligence of the Barboro truck driver.

It is the duty of the court to determine whether or not there was substantial evidence to submit a case to

the jury; but it is neither the duty nor prerogative of the Supreme Court on appeal to determine where the preponderance of the evidence lies in any jury case. *Catlett* v. *Railway Company,* 57 Ark. 461, 21 S. W. 1062, 38 Am. St. Rep. 254; *Brigham* v. *Railway Company,* 104 Ark. 267, 149 S. W. 90; 64 C. J. 301.

Section 6725 of Pope's Digest provides, among other things, that no person shall stop or suddenly decrease the speed of a vehicle without giving an appropriate signal to the driver of any vehicle immediately to the rear; and § 6726 prescribes the manner of giving such signals. The authorities generally agree that where a motorist stops suddenly in front of a rearward car without giving due signal to the driver of the rearward car, such an act raises an issue of negligence to be submitted to the jury. Scope notes on this question may be found in 24 A. L. R. 507 and succeeding supplements of the same scope note. Therefore, it is the function of this court to determine whether or not there was substantial evidence to allow the case to go to the jury on the question of the alleged negligence of the Barboro truck driver. He testified that he took his foot off of the foot feed and pushed in his clutch pedal and let his car coast with the motor idling, and that he did not apply his brake; and that there was a signal light on the back of the truck that would have shown if he had pushed in his brake pedal. He testified that he gave the hand signal indicating that he was slowing down, and his testimony in this regard was supported by other witnesses, one of whom was in front of him and the other to his left side. But the driver of the Delta truck testified that he could have stopped if a signal had been given, and that the Barboro truck stopped suddenly and did not give any signal of the intention to stop that the Delta driver could see, and that no light signal was given. Grover Lee Holland, the driver of the Holland car, testified that the Barboro truck "came to a rather sudden stop." It was a question for the jury whether or not the signal was given to the driver of the rear car; and we have thus detailed portions of the evidence to show that there was a substantial question to submit to the jury as to whether or not the

driver of the Barboro truck stopped suddenly without giving the statutory signal to the driver of the vehicle immediately to his rear.

Furthermore, the plaintiffs alleged that the driver of the Barboro truck failed to exercise ordinary care to avoid injury to the plaintiffs after discovering their position of peril. The Barboro company and its driver pleaded as a defense the contributory negligence of the driver of the Holland car and also the negligence of the Delta driver. The driver of the Barboro truck testified that he saw the Holland car approaching from the south and the Delta truck approaching him from the north and beginning to pass the Barboro truck, and that, when the collision occurred, the Barboro truck was in gear with the clutch pushed in, and that he did not apply his brake and did not turn to his right in an effort to give more room, but just kept his clutch pushed in and his car coasting, and that after the collision, he shifted into second gear and pulled off of the pavement. The jury might have found that when the Barboro driver saw the Delta truck starting around and saw the approaching car, he surely realized that if he pulled to his right onto the shoulder (which the proof shows was in good condition and at least eight feet wide), he could have given space so that the Delta truck might have passed the Barboro truck without colliding with the Holland car. The Barboro driver states that he did nothing at all. The jury might have found that the Barboro driver continued to selfishly assert his supposed legal advantage and failed to exercise ordinary care due the plaintiffs after discovering their peril. 5 Am. Jur. 778. This issue of discovered peril, along with the other question about the sudden stopping, certainly, together, presented substantial evidence to allow the case to go to the jury on the question of the negligence of the driver of the Barboro truck; and it, therefore, follows that the motion of the appellants, for a directed verdict, was properly overruled.

(2) The questions about insurance coverage: The record shows that one of the attorneys for the plaintiffs in the lower court, asked all of the jurors at the same

time on the *voir dire* these questions: "Do any of you represent any automobile casualty insurance company? Did you ever have stock or interest in it?" Objection was immediately made and also a motion for a mistrial. The motion was overruled by the trial court and the exception properly preserved and presented to this court. The practice of asking jurors about insurance, in a case like this, is one that should not be encouraged. Our decisions all contain this caution. But in overruling the motion for mistrial, the trial court made this finding: "I am making a finding of fact that other questions were asked . . . at the same time that the questions with reference to whether or not they represented insurance companies, and in my judgment there was no undue emphasis placed upon the question as to whether or not they represent casualty insurance companies." The trial court has thus affirmatively found that the question was not unduly emphasized, and under the facts in this case we will not disturb the finding of the trial court on this point. *Cooper* v. *Kelley*, 131 Ark. 6, 198 S. W. 94. The finding of the trial court in this case clearly distinguishes the case at bar from that of *Pekin Stave Company* v. *Ramey*, 104 Ark. 1, 147 S. W. 83; and the situation calling for the decision in *Rambo* v. *Rambo*, 195 Ark. 832, 114 S. W. 2d 468, does not exist in the case at bar.

(3) The question of the instructions: Among other instructions complained of, appellants complain that the trial court erred in giving instruction No. 1 requested by the defendant, Delta Implements, Inc., over the general and special objections of the appellants; and we find that this point is well taken and the cause should be reversed because of this erroneous instruction. In the said instruction the court instructed the jury in the language of § 6747 of Pope's Digest in part as follows: "Upon any highway outside of a business or residence district, no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least twenty feet of such part

of the highway opposite such standing vehicle shall be left for the free passage of other vehicles . . ." Among other specific objections, the appellants objected to the instruction for the reason that the statute is not at all applicable to the facts in this case, and the instruction would permit the jury to find that it was unlawful in any event to stop a motor vehicle on the highway.

The instruction should not have been given. The non-parking statute had no place in this case because there was no such stopping or parking as was contemplated within the meaning of the non-parking statute. At the request of the plaintiffs, the trial court had charged the jury in the language of § 6725 (c) of Pope's Digest regarding stopping or suddenly decreasing speed without appropriate signal. For the court then to instruct the jury in the language of § 6747 on the parking statute was tantamount to telling the jury that stopping on the highway was unlawful even if a signal had been given. There is no evidence in this case that would justify the giving of the Delta instruction No. 1, for no vehicle in this case was parked on the highway within the purview of § 6747 of Pope's Digest. Delta Implements, Inc., and its driver have joined as appellees here and all the appellees have united in defending this instruction; but it was erroneous and prejudicial to the rights of the appellants. As was said by this court in the case of *Cohen* v. *Ramey,* 201 Ark. 713, 147 S. W. 2d 388: "The short or temporary stop that Flora Ramey made to allow two cars close to her to pass did not in any sense amount to a parking or stopping on the roadside. It was a momentary or temporary stopping, and a thing she had to do before she could continue the turn to the east side of the road she was making." The driver of the Barboro truck was not parking his car, and for the trial court to instruct the jury on the parking statute was to allow the jury to draw the conclusion that there was a fact question as to whether or not the driver of the Barboro truck was violating that statute. In the case of *American Company* v. *Baker,* 187 Ark. 492, 60 S. W. 2d 572, this court held that the parking statute had no

application to a momentary stop like the situation that existed in the case at bar. This case is ruling on this point; and for the error of the court in giving the said instruction, this cause is reversed and remanded.

## On Rehearing.

McFADDIN, J. The appellees (being the original plaintiffs and also Delta Implements, Inc., and O. D. Dodson) have filed a petition for rehearing asking the court to state specifically:

(1) Whether the judgment against Delta Implements, Inc., and O. D. Dodson is final.

(2) Whether on the new trial against the appellants the amount of the damages, if any, will be redetermined, or only the question of liability.

Regarding the first point: We stated in our original opinion that the Delta Implements, Inc., and O. D. Dodson did not appeal, but joined as appellees. Certainly they would not be entitled to a new trial. The judgment against the Delta Implements, Inc., and Dodson is already final.

Regarding the second point: We remanded to the lower court the cause for a new trial against the Barboro Company and its driver. The amount of the damages, if any, is a matter concerning which the parties are free to stipulate *in the lower court* if they so desire. So long as the amounts stipulated do not exceed the amounts heretofore assessed against Delta Implements, Inc., and O. D. Dodson, then the said Delta Implements, Inc., and O. D. Dodson need not be consulted. If the Barboro Company and its driver are entitled to relief against Delta Implements, Inc., and O. D. Dodson under the joint tort-feasor statute, that matter can be determined after the trial on remand.

The petition for rehearing is denied.