## HARRELL *v.* DAVIS.

4-8029                                    198 S. W. 2d 180

Opinion delivered December 16, 1946.

*J. G. Moore,* for appellant.

*Gordon & Gordon,* for appellee.

ED. F. McFADDIN, Justice. The appellee recovered judgment for seven hundred dollars as damages for breach of contract, and appellants have appealed, urging as grounds for reversal: (1) that the verdict of the jury is contrary to the evidence; and (2) that the verdict is based on conjecture rather than evidence.

Since the verdict was in favor of the appellee, this court on appeal accepts that version of the testimony most favorable to the appellee. *Potashnick Local Truck System* v. *Archer,* 207 Ark. 220, 179 S. W. 2d 696, and authorities there cited. Therefore, the question we now consider is, whether the evidence, as so viewed, is sufficient to show (a) defendants' breach of contract, and (b) plaintiff's consequential damages.

I. *Breach of Contract.* The defendants (appellants) were engaged in constructing a levee in Conway county, and they made a contract with the plaintiff (appellee) whereby, for an agreed price, the latter was to furnish men and materials, and complete the work of sodding the levee; which, in this case, was the process of placing grass-covered earth on the exposed top and slopes of the constructed embankment. It is admitted by both sides that a contract was made; but the question in dispute is, who first breached the contract. The plaintiff testified that he actually worked one day under the contract, and then delayed a few days, at defendants' request, because of bad weather conditions; and that when he started to resume operations, the defendants told him they had contracted with another person. On the other hand, the defendants claimed that the plaintiff started the work, but abandoned it, and that the defendants were forced to contract with another person to sod the levee. The testimony is in irreconcilable conflict, even as to dates. There was made a sharply disputed question of

fact as to who first breached the contract; but the plaintiff's evidence was sufficient to support the jury's verdict as rendered.

II. *Consequential Damages.* The plaintiff sought damages, not only for (a) money paid in assembling equipment, and a crew of men to do the work, but also for (b) the profits he would have made under the contract. Regarding the profits: the plaintiff testified that he would have received a gross amount of $2,267, and that his total expenses for all labor, materials, etc., (duly itemized) would have been $1,312. He thus claimed a net profit of $995. His figures were strongly disputed, and severely challenged, but we cannot say that the jury committed error in awarding the plaintiff a total of $700 for all damages. The plaintiff had worked one day under the contract, and had collected and banked the sod along the base of the levee, in several places, and had already secured his crew and all equipment. Therefore, he had removed some of the doubtful and speculative elements inherent in profits as the basis of recovery. The court charged the jury that profits, to be recoverable as damages, "must be found from the testimony to be certain, both in their nature and in respect to the cause from which they proceed." That instruction is not complained of in this court, so we presume it is as favorable to the appellants as they desire. The rule of the cases on this point is stated in *Ford Hardwood Lbr. Co.* v. *Clement,* 97 Ark. 522, 135 S. W. 343:

"'Where plaintiff entered into a contract to perform certain work for the defendant, which he was prevented from doing by the fault of defendant, plaintiff is entitled to recover the profits which the evidence makes it reasonably certain that he would have made had defendant carried out its contract.' *Beekman Lumber Co.* v. *Kittrell,* 80 Ark. 228, 96 S. W. 988; *Hurley* v. *Oliver,* 91 Ark. 427, 121 S. W. 920; *Singer Mfg. Co.* v. *W. D. Reeves Lumber Co.,* 95 Ark. 363, 129 S. W. 805. See, also, *Spencer* v. *Hall,* 78 Ark. 336, 93 S. W. 985; *Border City Ice & Coal Co.* v. *Adams,* 69 Ark. 219, 62 S. W. 591." See, also,

942

the cases collected in West's Arkansas Digest, "Damages," § 40.

On the whole case, we conclude that there was sufficient evidence to sustain the jury verdict, both as to breach of the contract and consequential damages. Therefore, the judgment of the circuit court is in all things affirmed.