NICKLE *v.* NICKLE.

5-1376                                    306 S. W. 2d 855

Opinion delivered November 18, 1957.

*Mann & McCulloch,* for appellant.

*Langston & Walker* and *Wayne Foster,* for appellee.

ED. F. McFADDIN, Associate Justice. By this appeal the appellant, Mr. Nickle, challenges the Chancery decree which awarded a divorce[1] to the appellee, Mrs. Nickle.

The parties were married in March 1952 and separated in July 1956. Mrs. Nickle sued for divorce, alleging two grounds: habitual drunkenness and indignities[2]. The Chancery Court, after hearing the evidence, found that she was entitled to a divorce on both grounds. Mr. Nickle here claims that the decree is contrary to the preponderance of the evidence and that she did not prove she was entitled to a divorce on *either* ground. We find it unnecessary to consider the matter of habitual drunkenness because, after carefully studying the evidence, we conclude that the Chancery Court was not in error in granting Mrs. Nickle a decree on the ground of indignities.

Mrs. Nickle testified that Mr. Nickle was addicted to the use of intoxicants and drank to excess during the entire existence of their marriage; that at times he would become violent and abusive; that on numerous occasions in public places Mr. Nickle would humiliate and embar-

---

[1] All matters of property rights, etc. were reserved for later decision in the Chancery Court.

[2] Both habitual drunkenness and indignities are listed under the Fifth ground for divorce in § 34-1202 Ark. Stats.

rass her because of his intoxicated condition and would also curse her; that on one occasion she woke in the middle of the night to find Mr. Nickle standing over her with a gun; and that on two occasions he struck her.

We now discuss Mrs. Nickle's testimony concerning the two instances of physical violence. In the fall of 1953, when she was in a delicate condition, Mr. Nickle came home drunk at about 4:30 A. M.; Mrs. Nickle finally got him into a car and drove him to his mother's home; when he got out of the car he struck his wife in the face with his fist, split her lip, and knocked her down. The other time when he struck his wife was on July 16, 1956. Mr. Nickle came home intoxicated that night; Mrs. Nickle was in bed with their little girl; Mr. Nickle grabbed his wife in the pit of her stomach, lifted her out of bed, and dropped her on the floor on her back, and then slapped her. She separated from him that night.

While Mr. Nickle does not specifically deny these two acts of violence just recited, his defense is that there is no corroboration of Mrs. Nickle's testimony. We find there is sufficient corroboration in this bitterly contested case. Several witnesses testified as to Mr. Nickle's intoxicated condition and embarrassing conduct toward his wife in public places. While no witness saw him actually strike his wife on either of the two occasions she has detailed, nevertheless several witnesses saw her split lip in 1953. Also, immediately after the separation in July 1956, one witness testified that Mrs. Nickle had a knot back of her ear; that she had bruises and contusions on the side of her head; that her ear was swollen; and that the side of her face was swollen from the ear to the jaw.

It would serve no useful purpose to detail the other evidence of indignities and the corroboration thereof. We have many cases involving the sufficiency of corroboration in contested divorce cases. Some of them are: *Price* v. *Price,* 217 Ark. 6, 228 S. W. 2d 478; *Gabler* v. *Gabler,* 209 Ark. 459, 190 S. W. 2d 975; and *Goodlett* v. *Goodlett,* 206 Ark. 1048, 178 S. W. 2d 666.

260

Tested by the rules recognized in these cited cases, we conclude; (a) that there was ample corroboration of Mrs. Nickle's testimony; and (b) that the Chancery Court was not in error in awarding Mrs. Nickle a divorce on the ground of indignities.