Commercial Standard Insurance Companies v.
Ashley R. Coffman, et al

5-4787                                    436 S.W. 2d 83

Opinion Delivered January 20, 1969

*Wright, Lindsey & Jennings* for appellant.

*Jones & Stratton* and *Terral, Rawlings, Matthews & Purtle* for appellees.

Conley Byrd, Justice.    The issue on this appeal is whether the notice given by the insured to appellant Commercial Standard Insurance Companies constitutes a substantial compliance with the policy provision requiring written notice of an accident to the company or any of its authorized agents as soon as practicable.

The record shows that Commercial through its agent Charles Perry had issued a liability policy to Guy H. Jones Sr. and that the policy was in force on March 1, 1967 when Senator Jones' son, Casey, backed the Senator's car into an automobile belonging to appellee Ashley R. Coffman.    The damages to Mr. Coffman's car were $72.21.

The Senator testified that when he learned of the accident, he called Mr. Perry's office and reported it to one of Perry's secretaries.    On April 28, 1967 and again on July 3, 1967 Mr. Coffman wrote letters to the Senator requesting his check for $72.21 to cover the

loss. Mr. Perry, at the same time, had some problems with the Insurance Commissioner and was being represented by the Senator. The Senator admits that he did not give written notice over his signature but says that he may have shown Mr. Coffman's letters to Mr. Perry in his office, but thinks that he sent them on to Mr. Perry.

Jack Henderson, an adjuster for Mr. Coffman's insurance carrier, took the repair estimates for Mr. Coffman's car to Senator Jones. When he learned that the Senator had his insurance with Mr. Perry, he took the estimates to Mr. Perry's office at the Senator's request. When Mr. Henderson offered the estimates to Mr. Perry's office help, he was informed that the Senator did not have insurance there at that time and that there was no coverage for the car and driver involved in the collision with Mr. Coffman.

When Mr. Coffman brought suit against Casey Jones under the small claims statute, the summons was given to Mr. Robert Ott, Commercial agent succeeding Mr. Perry, but Commercial denied liability and refused to defend. The Senator's law partner, appellee Phil Stratton, was employed to defend Casey in Mr. Coffman's suit.

When Mr. Coffman's judgment against Casey was not paid, he brought this action directly against Commercial, pursuant to Ark. Stat. Ann. § 66-4001 (Repl. 1966), for the amount of the judgment, statutory penalty and attorney's fees. Mr. Stratton intervened claiming $150.00 Attorney's fee for defending Mr. Coffman's action against Casey. The trial court found that there was substantial compliance with the written notice provision and entered judgment as prayed together with an attorney's fee of $225.00.

For reversal Commercial relies upon the following two points:

1. The trial court erred in ruling that Guy H. Jones Sr. had complied with the terms and conditions of his policy regarding written notice of the accident, and

2. That trial court erred in awarding judgment to intervenor, Phil Stratton, for legal services performed on behalf of Casey R. Jones.

Commercial does not argue the latter point and we consider it waived. The first point we consider to be without merit.

Commercial's policy, on the issue of notice provides: "In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable . . . ."

Mr. Coffman's letter of April 28th, to Senator Jones reads:

"Dear Mr. Jones,

I have tried to reach you by phone on numerous occasions to ask you for a check for $72.21 to cover the costs of repairs to my Pontiac when your son, Casey, backed into it at the Tasty Freeze Wednesday, March 1, 1967. The police have a complete record of the accident in case you want to check into the matter.

I am enclosing a duplicate copy of the bill. Will you be kind enough to let me have a check for this amount?

Sincerely,
Ashley R. Coffman."

Obviously Mr. Coffman's letter would comply with the written notice requirements of the policy if it had been turned over to Commercial's agent. Whether the letter was turned over to the agent was an issue of fact before the trial court. On that issue the trial court found against Commercial and, as we have shown, there is substantial evidence in the record to support such finding.

Affirmed. Appellee's Counsel are granted an additional fee of $250.00 for their services on this appeal.

BROWN and FOGLEMAN, JJ., dissent.

JOHN A. FOGLEMAN, Justice. I respectfully dissent. I feel that the majority has either ignored or eliminated a clause from the policy of insurance on which this action was brought. This clause is quoted in the majority opinion, in part. Another clause makes full compliance with the terms of the policy a condition precedent to an action upon it.

The parties had a right to include this clause in the contract. Presumably, the form of the policy has been approved by the insurance commissioner. See Ark. Stat. Ann. § 66-3209.

There is no reason why such a clause is against public policy. It does not contravene any statute. Insurance companies are entitled to prompt notice of an occurrence which may result in liability on their part. They are also entitled to as many details of the occurrence as can reasonably be given. Obviously, a reason for such a requirement is that the company, which not only may be liable to a third party but is required to provide a defense to any action brought against its insured, should be given the background as expeditiously and thoroughly as reasonably possible. This is necessary in order that it may conduct a prompt and comprehensive investigation. Another reason is to pre-

vent fraud. *National Casualty Co.* v. *Johnson*, 226 Ark. 737, 293 S.W. 2d 703. The requirement that the notice be in writing is for the purpose of eliminating the possibility of the common failures of the human memory and avoiding any question as to the nature and content of the notice.

I agree that substantial compliance with the notice requirement is sufficient.

The burden of showing compliance was on appellees. *American Fidelity and Casualty Co.* v. *Northeast Ark. Bus Lines, Inc.,* 201 Ark. 622, 146 S.W. 2d 165. The burden of showing that no prejudice resulted was also upon appellee. *Home Indemnity Co.* v. *Banfield Bros. Packing Co., Inc.,* 188 Ark. 683, 67 S.W. 2d 203.

It is well settled that clauses of this character are reasonable and valid, and that oral notice is not sufficient. *Business Men's Assur. Co.* v. *Selvidge,* 187 Ark. 1040, 63 S.W. 2d 640. This holding is supported by an overwhelming weight of authority, under which notice by telephone is also held insufficient. See 8, Appleman, *Insurance Law and Practice,* 47, § 47:37; 13 *Couch on Insurance,* 654. § 49:30; 45 C.J.S. 1284, *Insurance,* § 1057; 29A Am. Jur. 513, § 1400; Annot., 76 A.L.R. 23 @ 40 et. seq.; Annot., 18 A.L.R. 443 @ 459; *Aetna Insurance Co.* v. *Durbin,* 417 S.W. 2d 485 (1967, Tex. Ct. Civ. App.).

The insured, Guy H. Jones, was quite candid in his testimony. He stated that, after calling and notifying the soliciting agent's office by telephone, he did not do anything else, that he knew of, until after the summons was served on him in Coffman's suit. He did not believe that he ever gave written notice of the accident. He "believed" that he referred Coffman's letters to the insurance agent who sold the policy. He said that he "may have forwarded" the letters to the agent or "may have shown them to him." His is the only testimony on the subject. Neither Perry, formerly a soliciting agent of appellant and a good friend and client of the

insured, nor any of his employees testified in the case. No reason for their absence or unavailability appears. On this state of the record, I cannot find substantial evidence of substantial compliance. There is no evidence of nonprejudice. I would reverse and dismiss.

I am authorized to state that BROWN, J., joins in this dissent.