# BURKS MOTORS, INC. *v.* INTERNATIONAL HARVESTER CO. ET AL

5-5425             466 S. W. 2d 945

# INTERNATIONAL HARVESTER CO. ET AL *v* EARL PIKE ET AL

5-5427

Supplemental opinion on rehearing
Delivered May 10, 1971
[Petitions for rehearing denied.]

*Wootton, Land & Matthews,* for appellant, Burks Motors, Inc.

*Wright, Lindsey & Jennings,* for appellees, International Harvester Co.

*Wright, Lindsey & Jennings,* for appellants. International Harvester Co.

*J. Hugh Lookadoo & McMath, Leatherman, Woods & Youngdahl,* for appellee, Pike.

JOHN A. FOGLEMAN, Justice. Burks Motors, Inc. in a petition for rehearing in 5-5425 asks that we amplify and clarify our opinion of March 1, 1971, to state that the judgment of contribution is binding between it and International Harvester Company, by reason of the judgment of the trial court and International's failure to seek contribution from Burks or ask reversal of the judgment for contribution here. International's petition in this case is for amplification only and asks that we declare that the judgment rendered against it is reversed and remanded in its entirety so that the determination of proportionate fault between it and Burks is nullified. International also filed a petition for rehearing in 5-5427, on its successful appeal, asking amplification or supplementation of the opinion as asked by it in 5-5425, asserting that until and unless there is an adjudication of liability against International on retrial, it cannot possibly be a joint tort-feasor, from whom contribution may be obtained. Burks filed a petition for rehearing in

5-5427, as a party to the appeal, asking that our opinion in that case be amplified and supplemented to state that the judgment against both it and International was reversed and remanded, so that Pike has no judgment against Burks, or, alternatively, that the opinion in 5-5425 entitles it to a 91% contribution from International. None of the parties cites any authority for its position.

While most of the questions raised by the parties are prematurely posed, the basic one is the status of the judgment against Burks. As pointed out in our opinion in 5-5425, that judgment was joint and several. Reversal as to one tort-feasor or defendant does not necessarily call for a reversal of a several judgment against another. *A. S. Barboro & Co.* v. *James,* 205 Ark. 53, 168 S. W. 2d 202. Any benefit to which Burks might have been entitled because of the points asserted by International have been waived. On International's appeal (No. 5-5427) Burks was specifically designated as an appellee. Burks then gave notice of appeal and filed a designation of the record on its appeal. This designation specifically named only the judgment, the interrogatories posed to the jury and the jury's answers as the record on appeal. Burks filed this record (No. 5-5425) on August 3, 1970, one day before International filed the entire record designated by it on its appeal (No. 5-5427). The filing of the partial record limited the scope of our review on Burks' appeal to those assignments of error appearing upon that record. *Hanson* v. *Anderson,* 91 Ark. 443, 121 S. W. 736; *Little Rock Road Machinery Co.* v. *Jackson County,* 233 Ark. 53, 342 S. W. 2d 407. Burks filed an abstract and brief in 5-5425 on September 14, 1970, 15 days before any brief was filed by International in either appeal. Burks abstracted only the record designated by it and thereby limited the scope of our review on its appeal to the sole question raised by it—the proposed modification of the percentage of fault to reduce that attributable to Burks from 9% to 0.9%. *Arkansas State Highway Commission* v. *Lewis,* 243 Ark. 943, 422 S. W. 2d 866; *Rural Single School District* v. *Lake City Special Sch. Dist.,* 144 Ark. 362, 223 S. W. 381. Burks' statement of the points to be relied upon also limited the scope of our review as to it as it only assigned error in the court's

application of the jury's answer to interrogatories relating to allocation of responsibility between it and International. *Arkansas Power & Light Co.* v. *City of L. R.,* 243 Ark. 290, 420 S. W. 2d 85. See also *Eveland* v. *State,* 189 Ark. 517, 74 S. W. 2d 221.

Burks expressly waived any other point or argument in its brief in its statement of the case which includes the following:

> This appeal does not question the issue or issues of liability nor the amount of damages but only seeks to correct the Judgment of the Court to require it to conform to the Jury's findings in the Interrogatories.

The conclusion of the brief reads as follows:

> The Judgment of the trial court should be modified to provide for contribution in favor of Appellant Burks and against Appellee International for any amounts Appellant Burks pays in excess of $783.00, together with its pro rata share of any interest and costs.

Limitation of its attack on appeal to one ground constituted an abandonment of all others. *Stevens* v. *Shull,* 179 Ark. 766, 19 S. W. 2d 1018, 64 A. L. R. 1258. Furthermore, the failure of Burks to argue any other point asserted by it in the only brief filed by it constituted a waiver or abandonment of such other points. *Gordon v. Street Improvement District,* 242 Ark. 599, 414 S. W. 2d 628; *Commercial Standard Ins. Co.* v. *Coffman,* 245 Ark. 1005, 436 S. W. 2d 83; *Cummings* v. *Boyles,* 242 Ark. 923, 415 S. W. 2d 571; *Commonwealth Public Service Co.* v. *Lindsay,* 139 Ark. 283, 214 S. W. 9; *Purifoy* v. *Lester Mill Co.,* 99 Ark. 490, 138 S. W. 995; *Bowling* v. *Stough,* 101 Ark. 398, 142 S. W. 512.

Present assertions that International's appeal should redound to the benefit of Burks are not supported by the record. As an appellee on that appeal, Burks is not entitled to a new trial on the judgment against it as a result of the reversal of the judgment against Interna-

tional. *A. S. Barboro & Co.* v. *James,* 205 Ark. 53, 168 S. W. 2d 202. The issues argued by International were not all applicable to Burks, as suggested by the latter. As a matter of fact, one of International's principal arguments was directly adverse to Burks. This was the contention that Burks' negligence was an efficient intervening proximate cause and relieved International of any liability to Pike. One of the points on which the International judgment was reversed had to do with closing argument by Pike's counsel. Burks neither objected nor moved for mistrial, so this issue was not applicable to Burks. There was never the remotest suggestion that International's arguments, either in its brief filed September 29, 1970, or in oral argument, were advanced on behalf of Burks. Nothing in the motion to consolidate, made only by International the next day after filing its brief in 5-5427, made any such suggestion. International expressly limited the application of its point to itself in its statement of points to be relied upon. Burks never filed any brief except its brief as appellant in 5-5425. This brief strictly limited Burks' position and Burks did not indicate in any manner whatever that it adopted any of International's arguments. Its attorney did not participate in the oral argument in any way. International did not, on appeal, press the point that there was error in the assessment of liability between it and Burks, which it asserted in its motion for new trial in the circuit court. Burks would have been an appellee on this point. In its brief in response to Burks' in 5-5425, filed after consolidation, International only resisted a modification of the judgment for contribution to decrease the proportionate liability of Burks or to increase its own contribution to Burks, and did not mention or suggest reversal or remand of this judgment. These actions and omissions, of course, constituted a waiver of the point.

The judgment as to Burks must be affirmed as no error has been asserted against it by Burks. *Price* v. *Price,* 217 Ark. 6, 228 S. W. 2d 478. Arguments not asserted or points not argued in the briefs of the parties cannot be considered by this court. *Smith* v. *Snider,* 247 Ark. 342, 445 S. W. 2d 502; *Tumlinson* v. *Harville,* 237

Ark. 113, 372 S. W. 2d 385; *Groves* v. *Keene*, 105 Ark. 40, 150 S. W. 575. While there was a reversal on International's appeal for failure of the court to give an instruction requested by International submitting the question of Pike's negligence, Burks entered a general objection to that instruction even though it did request a similar one later. Still, Burks did not complain on appeal about any of the instructions given or requested, so it waived any error in regard thereto. *Firemen's Insurance Co.* v. *Jones*, 245 Ark. 179, 431 S. W. 2d 728, 33 A. L. R. 3d 1059; *Harrell* v. *Davis*, 210 Ark. 939, 198 S. W. 2d 180. In their original briefs neither Burks nor International made the contentions they are now asserting, so they cannot be considered on petition for rehearing. *Berry* v. *Gordon*, 237 Ark. 547, 865, 376 S. W. 2d 279, 289; *Bost* v. *Masters*, 235 Ark. 393, 361 S. W. 2d 272, 277; *Midland Valley R. Co.* v. *LeMoyne*, 104 Ark. 327, 148 S. W. 654.

Except for the question of finality of the judgment against Burks, other points raised by Burks and International depend upon future developments and must be litigated in the trial court in the light of those developments. It is certain, however, that Burks cannot be entitled to a money judgment against International under any set of circumstances until Burks has either paid the judgment or discharged more than its pro rata share. Ark. Stat. Ann. § 34-1002 (Repl. 1962). The eventual determination of the question of Burks' right to recover from International depends to some extent upon whatever rights it has to indemnity as well as contribution. International conceded, in the trial court, that if Burks should be held liable as a vendor because of improper design or breach of warranty, it was entitled to indemnity against International.

Except for our statements as to the finality of the judgment against Burks and as to Burks' entitlement to a money judgment against International the petitions for rehearing are denied.

HARRIS, C. J., and BYRD AND HOLT, JJ., dissent.

CONLEY BYRD, Justice, dissenting. In the trial court a joint and several judgment was entered in favor of Earl Pike against both Burks Motors Inc. and International Harvester Company. In addition, a judgment in favor of Burks and against International Harvester was entered on Burks Motors Inc.'s request for contribution —it being there determined that for purposes of contribution Burks Motors Inc. was liable for only 9% of the joint and several judgment. These matters were entered in one instrument dated May 7, 1970. International Harvester filed notice of appeal, designated both Pike and Burks Motors as appellees and in cause no. 5-5427 (*International Harvester Company* v. *Pike*, opinion delivered Feb. 15, 1971) we held that, for the errors committed, International Harvester was entitled to a new trial on all issues. This of course did not affect the joint and several judgment that Pike had against Burks Motors. See *A. S. Barboro & Co.* v. *James*, 205 Ark. 53, 168 S. W. 2d 202 (1943).

However, since Burks Motors' judgment over against International Harvester was already set aside by our Feb. 15, 1971 decision, it is my conclusion that we decided nothing in cause no. 5-5425 when we, on March 1, 1971, said that Burks was not entitled to have its responsibility reduced to 0.9%. If on the other hand our decision in cause no. 5-5425 (*Burks Motors, Inc.* v. *International Harvester Company*, March 1, 1971) did decide that International was liable over to Burks for 91% of the total judgment, then I am at a loss to understand what International accomplished when it obtained a new trial in cause no. 5-5427.

For the reasons herein stated and to avoid the confusion expressed by the parties, I would declare that the joint tort contribution issues between Burks and International in cause no. 5-5425 became moot with the new trial granted International Harvester in cause no. 5-5427 and that that issue stood for trial anew.

The parties by their petitions for clarification have expressed their confusion from the two decisions and I have attempted to show mine. How the trial court may

read them one can only speculate. Unless we resolve the confusion, it is possible that we have created more controversy than we have solved.

HARRIS, C. J., and HOLT J., join in this dissent.