RAILWAY COMPANY *v.* CHAMBLISS.

Decided February 14, 1891.

*Railway—Stock killing—Credibility of witness.*

In an action for stock killing where plaintiff relied solely upon the statu-
tory presumption of negligence from a killing on defendant's track, the
jury may find for plaintiff on such presumption, although defendant's
engineer testified that the killing was unavoidable, if his testimony was
improbable or inconsistent.

APPEAL from *Nevada* Circuit Court.

C. E. MITCHEL, Judge.

Appeal from a judgment for the recovery of damages for
a horse killed by the defendant company's train.

*Dodge & Johnson* for appellant.

HEMINGWAY, J.   The plaintiff proved that her horse was killed by the operation of defendant's cars.   She thereby cast upon it the burden of excusing the killing.

If the jury had believed the testimony of the defendant's engineer, its duty would have been plain to find a verdict for the defendant.   Was it warranted in disbelieving his testimony?

As we understand the law, it warrants a jury in disregarding the statements of a witness which it does not believe to be true, whenever such disbelief fairly arises—whether because the statements involve impossibilities, or what, according to common observation and experience in reference to such matters, seems highly improbable, or because they are incoherent and inconsistent in themselves, or because they are inconsistent with the accepted testimony in the cause. *Sellar* v. *Clelland,* 2 Col., 539; *French* v. *Millard,* 2 O. St., 52; *Evans* v. *Lipscomb,* 31 Ga., 71.

Stock-killing —Credibility of witness.

It is an established fact in this case that the horse had one fore leg and one hind leg broken—the engineer testified that it was struck in the back by the mail coach of the moving train.   He further says that "after he began to slow up " for a water tank and while the train was moving about five miles an hour, he saw the horse run out of the woods on to the right of way, apparently intending to cross the track ahead of the engine; that the engine passed before the horse reached the track, and he turned to see what had become of the horse; that as it reached the train, it whirled its head, turning to run with the train; and as it whirled, the mail car struck it in the back and seemed to kill it; that he did not sound the whistle or ring the bell because he did not have time.

The jury might have believed that a horse running to cross a track in front of a train would not have been passed by the engine running five miles an hour; that, as it came toward the train and whirled to run with the train, it would not have been struck in the back by a car in the train; that a wound in the back would not probably have been evi-

denced by the breaking of two legs; and that an engineer could not have seen as much as he detailed, in a time so short that he could not sound the whistle or ring the bell.

If the jury had thus viewed the improbabilities and inconsistencies of his statement and had honestly reached the conclusion that it did not correctly detail the occurrence, it would have been justified in disregarding it and finding its verdict on the *prima facie* case. We cannot say that such a conclusion was unjustified.

The judgment will be affirmed.