WILLIAMS *v.* O'DWYER & AHERN Co.

Opinion delivered February 26, 1917.

1. PARTIES—JOINDER OF AGENT AND UNDISCLOSED PRINCIPAL.—Both the agent and the undisclosed principal are liable for a debt incurred by the agent within the scope of his authority, and it is not error to permit them to be joined as defendants in one action.

2. MARRIED WOMEN—ACTION AGAINST—MAY BE JOINED WITH HUSBAND.—In an action to recover the purchase price of goods sold, a husband and wife may be joined as defendants. —

3. HUSBAND AND WIFE—HUSBAND AS WIFE'S AGENT.—In an action against a husband and wife for the price of goods purchased, the evidence *held* to warrant the jury's finding that the husband was acting for the wife as her agent, and that she was liable for the goods purchased.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*Henry Moore* and *Henry Moore, Jr.,* for appellee.

1. The two defendants were improperly joined in one suit. The motion to make the complaint more specific so as to show the relationship existing between the parties should have been granted. A married woman must be sued alone for a debt incurred in her separate business. 66 Ark. 116. She cannot form a partnership with her husband. 56 Ark. 297; 66 *Id.* 168. The court had no jurisdiction to entertain a suit against a married woman when joined as a defendant with her husband. Kirby's Digest, § 5214.

2. These goods were purchased and action instituted prior to the passage of the Married Woman's Act No. 159, Acts 1915. The complaint does not allege the business relation, if any, between the co-defendants, and there is no evidence whatever to show any business relations between them. If the husband was the agent

of the wife and the wife the undisclosed principal, such facts should have been stated and the court should have dismissed the suit as to the wife.   48 Ark. 223; 66 *Id.* 117; 52 *Id.* 238.

3.   There was no evidence that the wife was conducting the business, but is to the contrary.   The fact that she allowed her husband to use the rents from her farm and mortgage her individual property to raise money to carry on his business did not make her responsible for his debts.   The court's instructions were misleading and prejudicial.   The evidence shows no liability of the wife for the debts and the verdict was merely based upon speculation.   117 Ark. 643.   The court should have given the peremptory instruction asked by Mrs. Williamson.

*W. H. Arnold,* for appellee.

1.   N. H. Williamson was the agent of his wife and did not disclose his agency, therefore he was liable, and has not appealed.   Defendants were not sued as partners, but as persons jointly liable.   The evidence shows also the liability of the wife and she is estopped by her acts.   52 Ark. 234, 238.

By permitting her husband to use her separate estate as his own, or by holding out to the world that he is the owner thereof, she is estopped as against creditors who relied upon such apparent ownership. 74 Ark. 26; 62 *Id.* 26; 84 *Id.* 227; 76 *Id.* 252; 50 *Id.* 42. See also 11 Mich. 470; 46 S. W. 183; 44 Wisc. 332.

2.   She was also liable on undisclosed principal. 89 N. Y. Supp. 900; 34 *Id.* 930; 59 *Id.* 40; 70 Ga. 385. She was estopped to deny that her husband acted as her agent.   69 Ill. 452; 56 Miss. 321; 22 Ill. App. 493; 30 Mo. App. 316; 53 N. Y. 93; 7 Hun. (N. Y.) 514; 15 *Id.* 4.

3.   They were jointly liable and properly joined as defendants.   22 Fla. 114; 115 Mass. 374; 120 Ind. 193, 21 N. E. 888; 65 Me. 578; 45 Miss. 43; 75 S. W. 365; 95 *Id.* 108; 6 Atl. 581; 19 S. E. 61; 60 N. E. 561; 64 Oh. St. 354; 114 N. C. 50.

McCULLOCH, C. J.    Appellee was the plaintiff below and instituted this action against the defendants, N. H. Williamson and C. B. Williamson to recover the amount of $773.63, alleged to be due on account for merchandise sold and delivered.    Both the defendants were held liable on the ground that N. H. Williamson was acting as agent of his wife, C. B. Williamson, in the purchase of the merchandise, and failed to disclose his agency, and that for that reason the agent and the undisclosed principal were both liable.    N. H. Williamson made no defense and has not appealed from the judgment against him.    Mrs. Williamson defended on the ground that the purchases of merchandise were made by N. H. Williamson for his own use and that he did not act as her agent.    She denied that she was concerned in any way in the purchases.    The court submitted the case to the jury on instructions authorizing a verdict in favor of appellee and it was found that N. H. Williamson was the agent of his wife and purchased the good for her.    The jury returned a verdict in favor of appellee and Mrs. Williamson appealed to this court.

(1)    It is first argued that the two defendants were improperly joined, but the law being clear that both the undisclosed principal and the agent are liable for a debt incurred by the agent within the scope of his authority, it is unimportant to inquire whether or not there is any such joint liability as authorizes a suit against them jointly, for the reason that the two actions, if brought separately, could properly have been consolidated and the technical error in joining the two actions is immaterial.    *Mahoney* v. *Roberts*, 86 Ark. 130.

(2)    Nor is there any merit in the contention that under the statutes of this State a married woman must be sued alone and that her husband cannot be joined. The statute provides that a married woman may bargain and sell her separate property and carry on any trade or business or service on her separate account and that "she may alone sue or be sued in the courts of this State on account of said property or service," (Kirby's

Digest, sec. 5214), but that does not mean that she must in every instance be sued alone. There might, in other words, be a joint liability on the part of a married woman which could be asserted in an action against all the parties liable. It is not contended in this case that there was a partnership between the husband and wife or any-joint obligation on their part, but they both were sued on the theory that each is liable, one as the agent who has failed to disclose his principal and the other as a principal, acting through an agent who has not disclosed his agency. But, as before stated, if there was any error in joining the two defendants in the same action it was immaterial for the reason that the two actions brought separately could have been consolidated. The only serious question presented by this appeal is whether or not there is sufficient evidence to warrant a finding that the purchase was made for Mrs. Williamson, the appellant. It appears that she owned a plantation in Miller County, Arkansas, containing 500 acres of land in cultivation and that N. H. Williamson's mother owned the adjoining farm, containing about 700 acres of land in cultivation. The principal improvements, including the dwelling house, a barn and store building were situated on the farm of N. H. Williamson's mother and N. H. Williamson operated the mercantile business in said store building and the debt to appellee was incurred during the operation of said business, for merchandise purchased for resale. The evidence shows that the business was operated in the name of N. H. Williamson, but it was for the purpose mainly of supplying the tenants on the two plantations. N. H. Williamson collected all of the rents from tenants on each of the plantations, one owned by his wife and the other by his mother, and they permitted him to use the funds so collected according to his own will. The bank account, however, was carried in the name of his wife, the appellant, and he also deposited his funds used in connection with the mercantile business to his wife's credit and checked the same out in her name. There is also evidence to the

effect that on one or more occasions Mrs. Williamson made purchases from appellee, but the evidence on the part of appellant tends to show that this was done at the direction of N. H. Williamson himself. He wanted his wife to make the purchases on account of her superior knowledge concerning the line of goods in which appellee dealt.

The account of appellee was originally kept on the books in the name of N. H. Williamson, but near the close of the year 1913 one of the managers of appellee's business discovered that N. H. Williamson did not own the farm or other property and he directed the bookkeeper to change the account so as to run it in the name of Mrs. Williamson, but this change in the method of keeping the account does not appear to have been brought to the attention of either of the Williamsons.

(3) A due consideration of all these circumstances leads us to the conclusion that they were sufficient to warrant the jury in drawing an inference that the mercantile business operated at the farm was the property and business of Mrs. Williamson; that she owned the same, as well as the large farm which her husband operated for her, and that he was acting as her agent in operating the mercantile business, as well as the farm. *Hickey* v. *Thompson,* 52 Ark. 234.

It is true that both the defendants in the case gave testimony to the effect that the business belonged to N. H. Williamson and that his wife was not at all concerned in it, but the inference which we have said might be drawn from the circumstances in the case made a conflict, which the jury has settled in favor of appellee, and there being sufficient evidence to sustain the verdict, it follows that the judgment must be affirmed. It is so ordered.