CHICAGO, ROCK ISLAND & PACIFIC RAILROAD CO. *v.* REEVES.

4-9131                                  231 S. W. 2d 103

Opinion delivered March 20, 1950.

34

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Sid J. Reid,* for appellee.

GRIFFIN SMITH, Chief Justice. Two black and tan hounds belonging to Clyde R. Reeves were killed by a Rock Island motor train near a bridge north of Leola, where low marshy country is traversed. The Railroad Company has appealed from a judgment for $200, appellee having sued for $400.

Appellant contends there was no evidence of negligence, and says that the jury arbitrarily disregarded the testimony of Engineer Thomas W. McCuin, the only eye witness. *St. Louis-S. F. Ry. Co.* v. *Harmon,* 179 Ark. 248, 15 S. W. 2d 310.

Reeves testified that from physical evidence the dogs were killed by a train when it struck them on the bridge he described. The train was moving northward and dragged the bodies about thirty feet, and that [said Reeves] "was all they lacked of being off the bridge".

The engineer testified that the dogs came onto the track at the foot of the bridge at a time when the train was 150 or 160 feet away. He was keeping a constant lookout and observed the animals as they came up the "dump", but he did not know whether they came from under the bridge or out of the bushes. He saw them at the north entrance to the structure where the brush, weeds, and grass were from six to eight feet from the ties. Warning was given by four or five blasts of the whistle. The train was making 35 or 40 miles an hour on a straight stretch of track where the schedule calls for 50 miles. A private road crosses the track half a

mile farther north. Three or four seconds lapsed between the time the dogs were seen and the time they were struck. An emergency stop could have been made in six or seven hundred feet, but the effect would be to throw passengers from their seats. Seven seconds are required for emergency brakes to exert their full effect on a train such as McCuin was operating.

· · · ·

By Ark. Stat's, § 73-1007, live stock killed on a railroad track is evidence, *prima facie*, that the animal was struck by a train, and "the onus of proving the reverse" is on the railroad company.

The appellee here proved only what the engineer admitted. The physical facts add nothing in contradiction of the evidence relied upon by appellant. In the absence of some fact or circumstance indicating that the engineer was in error, there is nothing to show that ordinary care was not exercised or that a lookout was not being kept. Assuming that the train was traveling 40 miles an hour, that the two dogs suddenly appeared on or near the bridge when the diesel-driven engine was 160 feet away, and that the whistle was promptly sounded,—then what more could McCuin have done? Information of conditions under which the train could be stopped or the speed sufficiently reduced to permit avoidance was peculiarly within the trainman's knowledge, and no effort was made to disprove his testimony. The presumption arising from the fact and place of killing was overcome. In order to prevail some proof of negligence was required. The case is not unlike *St. Louis-S. F. Ry. Co. v. Matlock*, 198 Ark. 1187, 132 S. W. 2d 657. See, also, *St. Louis-S. F. Ry. Co.* v. *Pace*, 193 Ark. 484, 101 S. W. 2d 447.

The judgment is reversed, with dismissal of the cause.

Mr. Justice McFADDIN and Mr. Justice MILLWEE dissent.

ED. F. McFADDIN, Justice (dissenting). The majority of this Court is holding that the Circuit Judge should

have instructed a verdict for the defendant instead of submitting the case to the jury. I respectfully dissent; because, as I see it, a question was made for the jury under our holdings in *Railway Company* v. *Hutchison,* 79 Ark. 247, 96 S. W. 374, and *Railway Company* v. *Chambliss,* 54 Ark. 214, 15 S. W. 469.

In *Railway Company* v. *Hutchison, supra,* Mr. Justice BATTLE clearly stated the applicable rule:

"The plaintiff, W. E. Hutchison, proved that his horse was killed by the operation of the railway of the defendant, the St. Louis Southwestern Railway Company. This was sufficient to show that the killing was the result of the negligence of the defendant, unless evidence adduced proved the contrary. Plaintiff thereby cast upon the defendant the burden of excusing the killing. To do so it introduced two witnesses. But the testimony of each of these witnesses is inconsistent with and contradictory to itself. If the jury disbelieved their testimony on account of these inconsistencies and contradictions, the law warranted them in disregarding it, which they did, as shown by their verdict. *Railway Company* v. *Chambliss,* 54 Ark. 214."

In *Railway Company* v. *Chambliss, supra,* Mr. Justice HEMINGWAY said:

"The plaintiff proved that her horse was killed by the operation of defendant's cars. She thereby cast upon it the burden of excusing the killing.

"If the jury had believed the testimony of the defendant's engineer, its duty would have been plain to find a verdict for the defendant. Was it warranted in disbelieving his testimony?

"As we understand the law, it warrants a jury in disregarding the statements of a witness which it does not believe to be true, whenever such disbelief fairly arises—whether because the statements involve impossibilities, or what, according to common observation and experience in reference to such matters, seems highly improbable, or because they are incoherent and incon-

sistent in themselves, or because they are inconsistent with the accepted testimony in the cause. *Sellar* v. *Clelland*, 2 Col. 539; *French* v. *Millard*, 2 O. St. 52; *Evans* v. *Lipscomb*, 31 Ga. 71.''

From the holdings of these two cases I understand the law to be that a jury question is made in a case like the one at bar, if the testimony offered by the Railway Company is ''inconsistent and contradictory,''[1] or if ''the statements involve impossibilities, or what, according to common observation and experience in reference to such matters, seems highly improbable.''[2] Now with the above holdings before us, we turn to the evidence in the case at bar; and here it is:

The ''train,'' a motor coach and baggage car, was traveling North at thirty-five miles per hour (which would be about fifty feet per second) on a straight track and in the daytime. When it was 150 feet South from the South end of a 166 foot trestle, the engineer saw two dogs get on the track at the North end of the trestle. Thus the dogs were 316 feet away from the train at the time the engineer saw them. He testified that the dogs proceeded *South* on the trestle, 30 feet *towards* the approaching train, as the train traveled towards the dogs, and that he blew the whistle four or five times. The trestle was only six feet above the ground.

To put it mildly, it seems to me ''highly improbable'' that two well trained[3] hound dogs, in the daytime, with a train plainly visible, went 30 feet on a railway trestle *towards* an approaching train that sounded its whistle four or five times after the dogs got on the track, and finally, that in such a situation the dogs refused to jump from the trestle to the ground which was only six feet below.

The Circuit Judge evidently thought the testimony offered by the Railway Company was ''highly improbable,'' because he sent the case to the jury. I agree with

[1] To use Justice BATTLE's words.

[2] To use Justice HEMINGWAY's words.

[3] That the dogs were well trained was established by two witnesses.

the Circuit Judge; and I feel that the majority is substituting its judgment for that of the jury and is allowing the Railway Company to escape liability on testimony that is "highly improbable."