TAYLOR *v.* TAYLOR.

5-471                                                          273 S. W. 2d 22

Opinion delivered December 6, 1954.

*Herrn Northcutt,* for appellant.

*Richard D. Moore* and *Oscar E. Ellis,* for appellee.

MINOR W. MILLWEE, Justice. Appellant and appellee were married on October 2, 1929, and embarked upon a matrimonial venture which in the course of 24 years produced 3 children who are now grown and some small accumulation of property. After several prior disagreements, separations, and reconciliations, they were finally separated on December 20, 1952, and this suit for divorce followed. Appellee filed her complaint seeking a divorce and a property division and appellant in due course an-

swered the complaint and filed his cross-complaint in which he prayed that he be granted a divorce.

After hearing all the evidence, the Chancellor ruled that appellee had failed to sustain her burden of proving the existence of grounds entitling her to a divorce and thereupon rendered a decree granting to appellant a divorce on his cross-complaint assigning adultery as the grounds therefor, but awarding to the appellee certain household furniture, a ⅓rd interest in fee in the real property standing in the name of the appellant, and $500 in cash.

Appellant duly prosecuted this appeal questioning the correctness of so much of the decree as awarded the property to appellee. Appellee excepted to the finding of the court on the issue of who was entitled to be granted the divorce, but she failed to perfect an appeal on this point so that the only question for decision is the correctness of the property division.

For reversal, appellant first argues that the trial court erred in awarding the property to the appellee for the reason that the divorce was finally granted on the cross-complaint to which appellee failed to file an answer and therein ask for a division of the property in the event appellant should prevail on his cross-complaint. Appellant overlooks the fact that appellee had already asked for a division of the property in her complaint. While the Chancellor refused to grant her a divorce on her complaint, it does not necessarily follow that he could not grant the balance of the relief asked for in that pleading. It was unnecessary for appellee to repeat her request for a property division in an answer to the cross-complaint. We recognize that the prayer of the appellee's complaint did not specifically ask for the exact property she was ultimately awarded, but this court is committed to the rule that the facts pleaded, and not the prayer for relief, form the basis of the cause of action and the court may grant whatever relief the facts pleaded and proved warrant, absent surprise to the adversary which is not present here. *Grytbak* v. *Grytbak*, 216 Ark. 674, 227 S. W. 2d 633.

It is also contended that the evidence is insufficient to support the property award made by the Chancellor. There was evidence tending to show that appellee purchased and paid for the furniture awarded her with moneys she earned by teaching school and derived from the sale of livestock she inherited from the estates of her father and grandfather. Funds derived from the sale of cattle which she inherited were also used to pay part of the purchase price of the farm which is the only real estate involved in the property division. Appellee worked in the fields with appellant and the balance of the property involved was accumulated through their joint efforts and earnings. In *Williams* v. *Williams,* 186 Ark. 160, 52 S. W. 2d 971, the husband was granted a divorce on the ground of adultery but the wife was awarded one-half interest in property accumulated through their joint efforts. While the court found there was a partnership, it went on to say: "It is immaterial whether there was a partnership. If appellee and appellant, by their joint work, labor and management, acquired the property, a court of equity would, even before the recent statutes (removing disabilities of married women), protect the wife's interest in the property." In the instant case the Chancellor concluded that most of the property was accumulated through the joint efforts of the parties. This conclusion is not against the preponderance of the evidence.

Affirmed.