COOPER v. COOPER.

5-778                                    284 S. W. 2d 617

Opinion delivered November 28, 1955.

Henry B. Whitley and Wendell Utley, for appellant.

A. A. Thomason, for appellee.

SAM ROBINSON, Associate Justice. The principal issues here are the validity of a divorce granted by a court in the State of Nevada, and the wife's interest in funds received on a fire insurance policy for the loss of a house owned as an estate by the entirety. Appellant and appellee were married on August 29, 1950, in Columbia County, Arkansas, where they had lived all their lives. A son was born in January, 1952. On May 24, 1951, they purchased two acres of land as an estate by the entirety and built a house on the property. The house was insured for $2,500.00 against fire; later it burned and the loss was settled for $2,250.00 which was paid to appellant, J. W. Cooper. The parties also purchased an automobile on which appellee, Dorothy Cooper, paid $30.00 a month for several months.

On April 10, 1952, appellant, J. W. Cooper, filed suit for divorce in the Columbia Chancery Court. Dorothy appeared in the case and the plaintiff took a nonsuit on June 29, 1952. A few days later, on July 2, he filed a suit for divorce in the Pulaski Chancery Court and after Dorothy appeared in that case he again took a nonsuit. On August 18, 1952, he again filed a divorce suit in the Columbia Chancery Court and, after Dorothy appeared, he took his third nonsuit on January 26, 1953. A short time later, he departed for the State of Nevada where it appears that he again filed suit for divorce. Dorothy was not notified, and he obtained a decree of divorce on March 26, 1953. Two days after this divorce was granted he returned to Arkansas and immediately married another person.

Appellee, Dorothy Cooper, then filed this suit in which she alleges that she is the wife of appellant and

asks for maintenance for herself and support for the child. She further asks that appellant be required to account to her for one-half of the proceeds from the insurance policy, and that he also be required to account to her as to her interest in the automobile. Cooper answered, alleging that he had been granted a valid divorce in the State of Nevada. Dorothy replied, denying the validity of the Nevada divorce and stating that it was invalid because proper service was not obtained and further alleging that the Nevada court did not have jurisdiction to grant a divorce because the plaintiff, Cooper, was not domiciled there.

The Chancellor made a finding that the Nevada court was without jurisdiction to grant a divorce to Cooper, and ordered appellant to pay $12.50 a week for support of his child. The court also rendered a judgment against appellant for one-half of the proceeds of the insurance policy and for the amount that Dorothy had paid on the car, making a total of $1,432.46.

If Cooper did not have a *bona fide* domicile in Nevada, a court of that State had no jurisdiction to grant a valid divorce. And, the jurisdiction of the Nevada court may be impeached in a court of Arkansas. *Williams, et al.* v. *North Carolina*, 325 U. S. 226, 89 L. Ed. 1577, 65 S. Ct. 1092, 157 A. L. R. 1366; *Esenwein* v. *Commonwealth ex rel. Esenwein*, 325 U. S. 279, 65 S. Ct. 1118, 89 L. Ed. 1608. But, if the defendant appears in the cause and thus has an opportunity to contest the issue of domicile, the decision of the court of the State where the trial is held is controlling. *Sherrer* v. *Sherrer*, 334 U. S. 343, 92 L. Ed. 1429, 68 S. Ct. 1087, 1 A. L. R. 2d 1355; *Anderson* v. *Anderson*, 223 Ark. 571, 267 S. W. 2d 316. Here, Mrs. Cooper had no knowledge of the pendency of the suit in Nevada and of course did not appear therein.

The evidence that Cooper did not have a *bona fide* domicile in the State of Nevada is overwhelming. It is clear that he went to that State merely to get a divorce and not to establish a domicile there. He intended to stay there just long enough to meet the technical residential requirements of the divorce laws of Nevada. In

the first place, he filed three suits in the State of Arkansas within a comparatively short time before leaving for Nevada. He was teaching school in this State and had another person to substitute for him until his return, which he stated would be in about six weeks. (Nevada requires a six weeks' residence in divorce cases.) Two days after the decree of divorce was rendered in Nevada, he came back to Arkansas, immediately married another person and returned to his old job as teacher. In these circumstances, it is hard to see how it could be seriously contended that Cooper ever had a *bona fide* domicile in Nevada.

Next is the question of the ownership of the proceeds of a policy of fire insurance. The house owned by the parties was destroyed by fire and Cooper collected and kept the insurance money. He had taken out the policy of insurance in his own name, but in doing so he was acting as agent for his wife as well as for himself.

The husband is not an agent for the wife solely by reason of the marital relationship. "But slight evidence of actual authority is sufficient proof of the agency of the husband for the wife in matters of domestic nature." 41 C. J. S. 549. Agency may be established by circumstantial evidence. *Williams* v. *O'Dwyer & Ahern Company,* 127 Ark. 530, 192 S. W. 899; *Sidle* v. *Kaufman,* 345 Pa. 549, 29 A. 2d 77. In the *Sidle* case, the court said: " 'The relationship of agency cannot be inferred from mere relationship or family ties unattended by conditions, acts, or conduct clearly implying an agency' . . .; but such relation is competent evidence when considered with other circumstances as tending to establish the facts of agency and where there has been other competent evidence tending to the same end." And, it is said in Restatement of Agency, § 22: "Neither husband nor wife by virtue of the relationship has power to act as agent for the other. The relationship is of such a nature, however, that circumstances which in the case of strangers would not indicate the creation of authority or apparent authority may indicate it in the case of husband or wife." In the case at bar, the husband secured a policy of fire

insurance in his name only on property which is an estate by the entirety. In these circumstances, the fact that the husband was acting as agent for his wife in addition to acting for himself is established if any reasonable inference to be deduced from the evidence leads to that conclusion.

In the case at bar, the circumstantial evidence proves that at the time Cooper obtained the policy of insurance not only was he acting for himself but he was also acting as an agent for his wife. At the trial, instead of standing on the proposition that the policy of insurance was personal as between him and the insurance company and that his wife had no interest in the proceeds of the policy, he undertook to justify his failure to divide the insurance money with his wife on the ground that he had used the money to pay debts owed by both of them. But it appears that of the debts he claims to have paid, his wife was liable only on one $200.00 note. His attempt to explain his conduct in failing to divide the money with his wife on the ground that her part was used in the payment of her debts is somewhat of an admission that she was entitled to part of the proceeds from the fire insurance policy.

As evidence of the fact that Cooper was acting as agent for his wife, she testified that she knew he had taken out the fire insurance policy, but she did not know that he had taken it out in his name only. She was present in the insurance company office, along with Cooper, when the settlement was agreed on, but she was not present when the check was delivered to him. In fact, she did not know that he had received the check. She testified: "And I asked him several times about the check and he said they hadn't paid it off because they said they had to do some more checking before they could pay it." She further testified on cross-examination: "Q: You knew it was settled in November? A: I didn't know it was settled in November. Q: You said a while ago it was in November? A: Sometime later I went to the insurance office to find out about the check. I found out that it was paid in November. Q: When were you in Mr. Lindsey's

[the insurance agent's] office? A: It was—I don't know actually when it was. It was in April. Q: You mean to say he didn't get the check until April? A: I don't know when he got it. I still don't know. Q: You say you were in the insurance office in April? A: That's right. Q: Is that when the discussion was about the check? A: That's when I inquired about the insurance check."

Cooper testified that the insurance company paid him $2,750.00. (This figure included $500.00 for personal property.) He further said: "I told her, I says, 'Well, I have the money now; I might as well get started paying on bills; *we* won't have any money, as I want to pay the bills.' And that's what I did." On direct examination he was asked this question: "How much did you pay out of that on indebtedness you and Dorothy already owed?" Cooper then testified as to a long list of items which he claims that both owed and which he paid from the insurance money. He also said that he paid an old account of Dorothy's on which he personally was not liable at all. From the above testimony, it can be inferred that Cooper was acting as agent for his wife when he secured the policy of fire insurance.

The house that was destroyed by fire, and on which Cooper collected and kept the insurance money, was part of an estate by the entirety. It is said in 26 Am. Jur. 702: "In jurisdictions which recognize a tenancy by entirety in personal property, there is no question that an estate by the entireties exists in the proceeds or derivatives of real property held by entirety." Undoubtedly in this State an estate by the entirety can exist in personal property. *Chicago, Rock Island & Pacific Railroad Company* v. *Reeves,* 217 Ark. 33, 231 S. W. 2d 103. The question of ownership of personal property as an estate by the entirety is thoroughly discussed in *Union & Mercantile Trust Company* v. *Hudson,* 147 Ark. 7, 227 S. W. 1. There it was held that where a man and wife owning realty as tenants by the entireties mortgaged it, and where the husband deposited the proceeds in his own name without his wife's knowledge, the nature of the wife's interest in

the deposit is the same as her interest in the real property from which the monies on deposit were derived; that according to the great weight of authority tenancies by the entireties exist in all kinds of personal estates. It was further held in the *Hudson* case that the husband and the bank where the proceeds of the mortgage were deposited held the funds as trustees of Mrs. Hudson's interest.

In the case at bar the evidence is convincing that Mrs. Cooper did not know that her husband had collected the insurance money, although there is some evidence to the contrary. Cooper held his wife's interest in the funds as trustee, and the court correctly found that he was indebted to Mrs. Cooper for one-half of the amount of the insurance he had collected on the house, plus Mrs. Cooper's interest in the automobile.

If there was a misjoinder of causes of action, it was waived by the appellant in failing to file a motion to strike out of the complaint any causes of action improperly joined. Ark. Stats., §§ 27-1302, 27-1303.

The decree is affirmed.