STEPHENS *v.* STEPHENS.

5-892                                          288 S. W. 2d 957

Opinion delivered April 9, 1956.

*Mac W. Martin,* for appellant.

*Thomas B. Tinnon,* for appellee.

SAM ROBINSON, Associate Justice. The appellant, Irene M. Stephens, and the appellee, Elmer D. Stephens, were married in Illinois in 1947; they were middle-aged, and Mrs. Stephens had three children by a former marriage. In October 1950, Mr. and Mrs. Stephens made a trip to Baxter County, Arkansas, and purchased some land. There was one tract of 3⅔ acres conveyed to both parties as an estate by the entirety, and one 10 acre tract conveyed to Mrs. Stephens. The 10 acre tract cost $1,000.00, and Mr. Stephens made the down payment of $100.00; later, Mrs. Stephens paid the $900.00 balance of the purchase price. In 1951, the parties moved to Arkansas; they intended to build a home on the 3⅔ acre tract, but changed their plans, sold that property, and built the home on the 10 acre tract. Both contributed to the cost of building the home; Mr. Stephens contributed to the extent of between $10,500.00 and $11,000.00 and

later, contributed an additional amount by paying off mortgages on the property totaling $1,400.00. Mrs. Stephens contributed about $8,000.00, including what she had paid on the purchase price. In 1955, Mrs. Stephens filed suit for divorce. Mr. Stephens answered, alleging that the home on the 10 acre tract had been acquired by their joint efforts, and asked that the property be sold and the proceeds divided accordingly. Mrs. Stephens, although not denying that Mr. Stephens had contributed between $10,500.00 and $11,000.00 to the building of the home, denies that he has any interest in it. Upon trial of the cause, the chancellor granted Mrs. Stephens a divorce, and decreed that the property in question be sold, and the proceeds divided equally. Mrs. Stephens has appealed from that part of the decree ordering a sale of the property and a division of the proceeds.

Soon after construction of the home, the parties realized that the title was in Mrs. Stephens, and, in the event of her death, Mr. Stephens could be dispossessed by the children of Mrs. Stephens. The parties, therefore, made a joint will; in this will, each left to the other a life estate in any property owned, with the remainder going to the children of Mrs. Stephens, Mr. Stephens having no children. At the same time, they entered into a contract to keep the will in force. The contract provides:

". . . Whereas, all property owned severally or jointly by the Parties hereto has been acquired and improved through the mutual efforts of the Parties hereto; and in consideration of the mutual promises and agreements of the Parties hereto, joint wills were executed and entered into by the Parties hereto.

"Now, therefore, in consideration of the premises and promises herein, the Party of the First Part agrees, promises and covenants that the said will as now made in possession of the Peoples Bank, Mountain Home, Arkansas, shall not be revoked, cancelled or annulled, but shall be and remain his last will and testament without changes.

"In consideration of the foregoing, the Party of the Second Part hereby promises, agrees and covenants that she will leave in force and unchanged her will which has been made jointly with the First Party."

By this contract in writing, the parties recognized that they had acquired the property through their mutual efforts.

The chancellor's decree, providing for a sale of the property and a division of the proceeds, is in accordance with the principles of equity and good conscience. In effect, Mr. Stephens was given a lien. He has reached the age of retirement and only has a small pension of $101.55 a month. He invested his life's savings in the home; he and Mrs. Stephens agreed in writing that the property had been acquired and improved by their joint efforts. It would be unthinkable to say, in the circumstances existing here, that Mr. Stephens has no interest in the home.

It is appellant's contention that, since she had title to the 10 acres, Mr. Stephens' contribution of all the money he had to the construction of a home on the property is considered in law as a gift to her. It is true that there is a presumption that the transaction was a gift, but such presumption is rebuttable. *Mann* v. *Mann,* 164 Ark. 43, 260 S. W. 731; *Harbour* v. *Harbour,* 103 Ark. 273, 146 S. W. 867. We think the presumption was overcome in this case. The will and the contract to keep the will in force shed light on the intention of the parties in respect to the interest of each in the property. Moreover, as was said in the *Mann* case: ". . . it does not comport with reason that one will denude himself of all his earnings during a long period of years without making some provision for his old age." We have several cases holding that the chancellor has a right to divide the property on an equitable basis where it has been acquired by the joint effort of the parties, and here, the contract regarding the will and the other evidence in the case show that the property was acquired by the parties' joint efforts.

In *Taylor* v. *Taylor,* 224 Ark. 328, 273 S. W. 2d 22, the husband was granted a divorce on the ground of adultery, but the wife was awarded certain household furniture and one-third interest in fee in real property standing in the husband's name. The court held that this was proper, since the property was accumulated through the joint efforts and earnings of the parties. The court said: "In the instant case the Chancellor concluded that most of the property was accumulated through the joint efforts of the parties. This conclusion is not against the preponderance of the evidence." In the case at bar, in the contract regarding the will it is agreed that the property was acquired by the joint efforts of the parties. In *Williams* v. *Williams,* 186 Ark. 160, 52 S. W. 2d 971, the court said: "It is clear from the evidence that both appellant and appellee worked and conducted the business which resulted in the accumulation of the property in controversy. It is immaterial whether there was a partnership. If appellee and appellant, by their joint work, labor and management, acquired the property, a court of equity would, even before the recent statutes [removing a married woman's disabilities], protect the wife's interest in the property." The same principle that requires the protection of a wife's interest in property also requires the protection of the husband's interest. See also *Price* v. *Price,* 217 Ark. 6, 228 S. W. 2d 478. In *Angelletti* v. *Angelletti,* 209 Ark. 991, 193 S. W. 2d 330, it was held that where the husband, through a contribution of $100.00 on his part, assisted his wife in obtaining a fee simple title to property in which she had an interest but not the fee, the husband was entitled to a lien for the $100.00.

With reference to a situation similar to the case at bar, it is said, in 17 Am. Jur. 469: "Equity and good conscience require . . . that a fair division shall be made, taking into consideration the relative wants, circumstances, and necessities of each, of the property accumulated by their joint efforts and savings." Here, the actual cost of the property involved is in the neighborhood of $20,000.00. Presumably, it will bring that much,

or more, at a sale. The fact that it has such a substantial value is due to the joint efforts of the parties to this litigation, and the evidence is overwhelming to the effect that Mr. Stephens, in contributing his life's savings to the project, did not intend such a gift to Mrs. Stephens.

The chancellor's decree that the property should be sold and the proceeds divided between the parties is correct, and it is therefore affirmed.