R. L. Lovegrove v. Missouri Pacific Railroad Company

5-4799 436 S.W. 2d 798

Opinion Delivered January 27, 1969

*Robinson & Booth* for appellant.

*William J. Smith* and *Michael G. Thompson* for appellee.

GEORGE ROSE SMITH, Justice. In the court below Lovegrove obtained judgment for $225—the amount sued for—as the value of a calf killed by a Missouri-Pacific freight train. By appeal he contends that he is entitled to double damages. Ark. Stat. Ann. § 73-1005 (Supp. 1967). By cross appeal the railroad company insists that it was entitled to a directed verdict, because there was no proof of negligence on its part.

We turn first to the cross appeal, which if successful would be decisive of the case. The locomotive engineer testified that he first saw a cow on the track about 350 feet ahead of the train. He started blowing his whistle, and the cow left the track. When he was about 75 feet from the spot where the cow had been the calf ran onto the track and was killed. The engineer said that he did not have time either to blow his whistle or to apply his brakes before the locomotive struck the calf.

When the asserted negligence is a failure to keep a constant lookout the carrier is entitled to a directed verdict if the undisputed testimony of the train crew shows that such a lookout was being kept. *St. Louis-San Francisco Ry.* v. *Spencer*, 231 Ark. 221, 328 S.W. 2d 858 (1959). But the jury may disregard the crew's testimony when it is inconsistent within itself or contrary to other accepted testimony in the case. *Railway Co.* v. *Chambliss*, 54 Ark. 214, 15 S.W. 469 (1891).

Here we cannot say that the engineer's testimony was wholly undisputed. He testified that he whistled at the cow, but Lovegrove, who was within earshot, stated that he heard the train whistle for a public crossing but did not hear any other whistling. The engineer's testimony about the moderate speed of the train was not consistent with his statement of the time when he left Van Buren, eight miles away. In view of the dis-

crepancies in the engineer's testimony the jury was not compelled to believe his statement that he was keeping a constant lookout and did not have time to blow the whistle when he first saw the calf. Upon similar proof we have held that there was substantial evidence to support a finding of liability. *Chicago, R.I. & P. R.R.* v. *Williams*, 221 Ark. 404, 253 S.W. 2d 349 (1952). Moreover, in the case at bar the jury could have found from Lovegrove's testimony that the railroad's maintenance employees carelessly damaged the fence along the right of way, allowing the cow and calf to reach the tracks.

The appellee also complains of the court's action in giving this instruction: "You are instructed that if the operator could have seen the animal before it came upon the track in time by the use of the stock alarm or other necessary precautions, in the exercise of ordinary care, to have avoided killing it, and failed to do so, you may consider such as evidence of negligence." The instruction was evidently based upon a sentence in the court's opinion in *St. Louis S.W. Ry.* v. *Costello*, 68 Ark. 32, 56 S.W. 270 (1900).

We do not approve the instruction as a model of clarity, but at the trial counsel for the railroad made only a specific objection that the instruction was not justified by the evidence, because the engineer testified without contradiction that he was blowing the whistle and keeping a lookout and did not have time after the calf ran in front of the engine to avoid striking it. We have already shown that the engineer's testimony was not uncontroverted; so the objection to the instruction was not well founded.

On direct appeal it is argued that the court should have entered judgment for twice the amount of the verdict, under the statute allowing double damages if the railroad company fails to post notice of the killing of livestock within a week or to pay the owner's claim within 30 days. Section 73-1005.

There are two answers to this argument. First, the complaint made no reference to a failure to post notice or to any delay in the payment of the claim, nor was there a prayer for double damages. Those allegations are essential to a recovery under the statute, with the plaintiff having the burden of proof. *Kansas City, S. & M. R.R.* v. *Summers,* 45 Ark. 295 (1885). Second, the complaint cannot be treated as amended to conform to the proof, as in *Kansas City S. Ry.* v. *Rogers,* 146 Ark. 232, 225 S.W. 640 (1920). There is no proof whatever that the required notice was not posted. Nor is it shown that the railroad failed to pay the claim within 30 days after receiving notice from the owner. The calf was killed on April 10, but the suit was filed on May 9 and was therefore premature, that being the thirtieth day. It is immaterial that a cause of action may have accrued later, because the rights and liabilities of the parties depend upon the facts as they existed at the commencement of the action. *Winn* v. *Collins,* 207 Ark. 946, 183 S.W. 2d 593 (1944). In fact, here the statute explicitly applies when the owner of the stock "shall bring suit against such railroad after the thirty days have expired." Section 73-1005. Thus in any view of the matter the penalty is not recoverable.

Affirmed.

BYRD, J., concurs.