## ARGONAUT INSURANCE COMPANY
### *v.* Millard Dee HOOPER

CA 80-180 · 606 S.W. 2d 116

Court of Appeals of Arkansas
Opinion delivered October 8, 1980
Rehearing denied November 5, 1980

*Davidson, Plastiras, Horne, Hollingsowrth & Arnold, Ltd.*, for appellant.

*Jim Hamilton*, for appellee.

DAVID NEWBERN, Judge. The trial court, sitting without a jury, determined that the appellant, with other defendants, was jointly and severally responsible for money held on behalf of the appellee. Evidence before the court included a contract pursuant to which the money was held. The appellant was not a party on the face of the contract, but there was substantial evidence the contract was made for its benfit by its agent. Other evidence showed that the appellant now has at least joint control of the money in question. We must determine whether the trial court's judgment was clearly erroneous or clearly against the preponderance of the evidence. A. R. Civ. P., 52.

When he decided he wanted to go into the bail bonds business, the appellee called the appellant's office in California. He subsequently entered a contract with Surety Control Corporation, through its "supervising agent," Foster L. Stotts. The contract provided that the appellee would become an "executing agent" for the issuance of bail bonds for Surety Control Corporation. It further provided for an indemnity fund to be composed of an initial $1,000 deposit by the appellee to be augmented by a percentage of the amount earned on each bond written by the appellee. The money was to be placed in a trust account subject to the sole control of Surety Control Corporation. The purpose of the fund thus to be accumulated was to indemnify Surety Control for any obligations of the appellee under the contract and particularly those set forth in paragraph 11. Paragraph 11 provides, in part, that the agent will indemnify the company "and any of its surety companies, cosureties and reinsurers and Supervising Agent and save it and each of them harmless from any and all "liabilities." The fund was to be returned to the appellee upon termination of his relationship with Surety Control and fulfillment of his obligations under the contract.

The record clearly shows that Surety Control's supervising agent was Stotts, and Surety Control's reinsurer was the appellant which was the named carrier on the bonds written by the appellee under this arrangement. Thus, the contract was for the benefit of the appellant as well as Surety Control. The record further shows that the powers of attorney for the bond instruments used by the appellee were those of the appellant whose name appeared on the faces of those instruments.

Correspondence, which was admitted into evidence, between the appellant and Stotts and Stotts' partner showed that the arrangement between the appellant and Surety Control Corporation was terminated and litigation between them ensued. There is no question the appellee fulfilled all of his contractual obligations to Surety Control and the appellant, but despite repeated requests, he has been unable to obtain a return of the fund which was accumulated pursuant to the contract. A letter from the appellant to the appellee in response to one of the appellee's requests states the following:

At the present time, the build-up funds are maintained at U.S. Life Savings and Loan Association in Los Angeles. The Superior Court of Los Angeles County has ordered joint control of these funds by Argonaut and Surety Control.

The trial court did not state his reasons for holding the appellant, Surety Control Corporation and Stotts jointly and severally liable to the appellee for the fund. The appellant argues there is no theory upon which the judgment as to it can stand because it was not a party to the contract. The appellee contends the judgment is correct either because the contract was executed on behalf of the appellant by its agent or because of a restitution theory upon which the appellee does not elaborate.

Because of the obvious apparent and express relationship between the appellant, Surety Control Corporation and Stotts, we hold that Stotts and Surety Control were the agents of the appellant in contracting with the appellee. The appellant clearly benefitted from the contract, and Surety Control had at least apparent authority to act for the appellant. There is, in the record, a letter from the appellant to Stotts stating that Surety Control was terminated, after the contract was written, as its "managing general agent." We find Surety Control was the agent of the appellant for the purpose of contracting with the appellee. See, A.L.I., *Rest*, Agency 2d, §§ 8, 140, 141 and 146 (1958).

The holding of the trial court with respect to joint and several liability seems particularly correct in this case in view of the admitted joint control of the fund between the appellant and Surety Control Corporation. This case is analogous to those in which a third party brings suit against an agent and a principal who was undisclosed at the time the contract was made. Our supreme court has held that joint and several liability is appropriate in such circumstances. *Williamson* v. *O'Dwyer & Ahern Co.*, 127 Ark. 530, 192 S.W. 899 (1917); *Bryant Lumber Co.* v. *Crist*, 87 Ark. 434, 112 S.W. 965 (1908). See also, *Beatrice Creamery Co.* v. *Garner*, 119 Ark. 558, 179 S.W. 160 (1915).

Affirmed.