June B. STUART *v.* Arthur G. STUART

83-139                                      660 S.W.2d 162

Supreme Court of Arkansas
Opinion delivered November 14, 1983

*James C. Cole*, for appellant.

*Frierson, Walker, Snellgrove & Laser*, by: *Glenn Lovett, Jr.*, for appellee.

GEORGE ROSE SMITH, Justice. About 20 years after the parties were married Mrs. Stuart brought this suit for divorce, on the ground of indignities. Stuart did not contest the divorce, but he did resist his wife's assertion that she was entitled to more than half of the marital property because she had been the principal breadwinner. This appeal is from the chancellor's equal division of all the marital property, some of which had been acquired jointly and some in Mrs. Stuart's name only.

At the time of their marriage Stuart was a painter and Mrs. Stuart a court reporter. Stuart suffered a work-related injury that kept him from working most of the time. He took care of the house and yard, did most of the cooking, worked when he was able to, and helped in his wife's business by proofreading and delivering transcripts. Mrs. Stuart worked steadily as a regular or free-lance court reporter, earning about two thirds of the family income. She testified that she knew what is meant by a feme sole and as such intended to acquire separate property in her own name.

The chancellor was right in dividing the marital property equally. The appellant relies in part on our constitutional provision that a married woman may acquire

and transfer property as if she were a feme sole, with such property being free from her husband's debts. Ark. Const. art. 9, § 7 (1874). That provision was meant to put a wife on an equal footing with her husband in the acquisition and transfer of property, but it does not purport to clothe the wife with superior property rights in the event of a divorce.

Well before the many recent cases disapproving gender-based distinctions between spouses, we recognized the power of the court in a divorce case to divide property acquired by the joint efforts of the parties, even though title was in the name of only one spouse. *Stephens* v. *Stephens,* 226 Ark. 219, 288 S.W.2d 957 (1956). That principle has been embodied in our recent statute governing the division of marital property, Act 705 of 1979, for it directs the court to consider "services as a homemaker" (usually those of the wife) as a contribution to the acquisition of property during the marriage. Ark. Stat. Ann. § 34-1214 (A) (1) (8) (Supp. 1983). We have said that the new statute was made applicable to all cases filed after its effective date and necessarily affected property acquired before that date. *Warren* v. *Warren,* 273 Ark. 528, 623 S.W.2d 813 (1981). If that were not so, equality between the sexes might not be achieved for a generation or more.

The constitutionality of similar statutes has recently been upheld in several states, not only because public policy supports the recognition of the homemaker's efforts as contributing to the acquisition of property during the marriage, but also because under pre-existing law a married person had no reasonable expectation that his or her property would be immune from an equitable division upon termination of the marriage. *Kujawinski* v. *Kujawinski,* 71 Ill. 2d 563, 17 Ill. Dec. 801, 376 N.E.2d 1382 (1978); *Fournier* v. *Fournier,* 376 A.2d 100 (Me. 1977); *Rothman* v. *Rothman,* 65 N.J. 219, 320 A.2d 496 (1974). We agree with those decisions.

As a second point for reversal the appellant argues that it is inequitable to divide the property equally when her earnings formed the greater part of the purchase price. To sustain that argument in this case would put the law right

back where it was before gender-based distinctions were nullified, for the same contention would be made when it was the husband who had been the breadwinner — the usual situation.

Affirmed.