Faye CARRICK *v.* Olan CARRICK

CA 84-48                                            679 S.W.2d 800

Court of Appeals of Arkansas
Division I
Opinion delivered November 21, 1984

*Ball & Lindsay,* for appellant.

*Gresham & Kirkpatrick,* for appellee.

GEORGE K. CRACRAFT, Chief Judge. Faye Carrick appeals from a decree of divorce which awarded Olan Carrick judgment against her for the cost of improvements made by him to her non-marital property and which found that other personal items were marital property and not her separate property by way of gift. We find no error in those findings but we do find merit in her contention that the chancellor erred in holding that a promissory note and a certificate of deposit were not held as an estate by the entirety and were either solely the appellee's property or were subject to unequal division as marital property.

The appellant testified that a Chrysler automobile, stove, refrigerator and other furniture in the former home of the parties, except for specific properties set forth in the decree, were her separate property by way of gift on birthdays and Christmas. The appellee testified that the Chrysler was his own property and replaced a vehicle he brought into the marriage and traded in on the purchase of the Chrysler. All of the payments on it had been made out of his own non-marital funds. He denied that the stove, refrigerator and other items listed in the decree were gifts but said they had been purchased for the parties' mutual use.

On this conflicting evidence the chancellor found that the listed appliances were not gifts but marital property and ordered them sold and the proceeds equally divided unless the parties could divide them in kind by agreement. He further found that the Chrysler automobile was marital

property and awarded it to appellee after considering the length of the marriage, the age, health and station in life of the parties and the amount and sources of their income, their occupations and the estates of each. The record showed that the marriage was a short one, both parties were gainfully employed and that the appellant owned seperate real and personal property of substantial value.

Under Ark. Stat. Ann. § 34-1214(A)(1) (Supp. 1983) the chancellor is permitted to make an unequal division of property when he finds such division to be equitable, having taken into consideration those factors stated by him in the decree. The findings of a chancellor will not be reversed unless clearly against the preponderance of the evidence and since the question of a preponderance of the evidence turns largely on the credibility of the witnesses we defer to the superior position of the chancellor in this regard. *Andres* v. *Andres*, 1 Ark. App. 75, 613 S.W.2d 404 (1981); ARCP Rule 52(a). From our review of the record we cannot conclude that these findings of the chancellor were clearly erroneous.

The issues of the proper distribution of the so called "Lilley Note" and its related bank account and the $20,000 certificate of deposit were submitted to the chancellor on stipulated facts. It was agreed that the parties had been married twice, first in 1979, at which time the appellee brought into the marriage 130 acres of property located in Boone County and the appellant brought in real property with improvements located in Carroll County. Subsequent to the first marriage the parties by appropriate conveyances created an estate by the entirety in both tracts. Seven months later the parties were divorced and thereafter exchanged deeds which restored both tracts to their original separate status of ownership. On May 8, 1980, a week after these individual deeds were executed, the parties remarried and appellee conveyed his Boone County property to Pam Cogburn, his daughter by a former marriage. It was further stipulated that on August 27, 1980 Pam Cogburn conveyed the property in Boone County, formerly owned by appellee, to Olan Carrick and Faye Carrick, husband and wife.

On September 25, 1980 a portion of the Boone County

property, then held by the entireties, was sold to Marvin Lilley and Joyce Lilley who executed a mortgage to secure a $28,850 balance due on the purchase price. The mortgage referred to "Olan L. Carrick and Faye Walker Carrick, husband and wife," as mortgagees and the promissory note named "Olan L. Carrick and Faye Walker Carrick, his wife," as payees. The monthly installments due under the note were paid into an escrow account at Green Forest Bank which at the time of the second divorce held the sum of $23,500.

In August of 1980 appellee and appellant contracted with Meredith Miller and Ginger E. Miller for the sale of an additional portion of the Boone County property then held as an estate by the entirety. According to the appellee, his wife signed the contract with him for the sale of the property for the sum of $35,000. The deed to the Millers referred to "Olan Carrick and Faye Carrick, husband and wife," as grantors. The check was made payable to appellee only, who purchased a $20,000 certificate of deposit with a portion of the proceeds. That certificate of deposit was initially in the names of Olan Carrick and Faye Carrick, as husband and wife, but was subsequently withdrawn by appellee and reinvested in a $20,000 certificate of deposit in Olan Carrick and the name of his son by a former marriage.

The chancellor found that the Lilley note and the related bank account were in the names of both parties without indication of survivorship and were therefore not held as an estate by the entirety. He declared that as the property had been acquired in exchange for property brought into the marriage by appellee, it should be retained by him as his separate property as provided in Ark. Stat. Ann. § 34-1214(B)(2) (Supp. 1983). He further ruled that although it might be argued that the property was marital property within the meaning of § 34-1214 it should in equity be awarded to the appellee taking into consideration the length of the marriage, the age, health, and station in life of the parties and the amount and sources of their income, their occupations and the estates of each. He also held that the $20,000 certificate of deposit from the Miller transaction was traceable to the property brought into the marriage by

appellee and should be his separate property for those same reasons. We do not agree.

Pam Cogburn conveyed the property to Olan Carrick and Faye Carrick, husband and wife. Without question that language creates an estate by the entirety. *Shinn* v. *Shinn*, 274 Ark. 237, 623 S.W.2d 523 (1981); *Foster* v. *Schmiedeskamp, Adm'x*, 260 Ark. 898, 545 S.W.2d 624 (1977). The note executed by the Lilleys was payable to them as husband and wife. It is now well settled that an estate by the entirety may exist with regard to personal property and where the note is made payable to a husband and wife a tenancy by the entirety in the personalty is created. *Ramsey* v. *Ramsey*, 259 Ark. 16, 531 S.W.2d 28 (1975); *Cooper* v. *Cooper*, 225 Ark. 626, 284 S.W.2d 617 (1955); *Jordon* v. *Jordon*, 217 Ark. 30, 228 S.W.2d 636 (1950). Furthermore, when property held by tenants by the entirety is sold an estate by the entirety exists in the proceeds. *Cooper* v. *Cooper, supra.*

For the same reason we conclude that the trial court erred in holding that the $20,000 certificate of deposit resulting from the Miller transaction was not as an estate by the entirety. The certificate of deposit, however, presents a more complex question. Although we conclude that the appellant is entitled to a one-half interest, this certificate is now in the names of both the appellee and his son, who is not a party to this suit and whose rights cannot be adjudicated in this action. The certificate of deposit is not contained in the record and we cannot determine from the testimony whether the son is a cotenant, joint tenant or payable-on-death payee. As the record is not sufficiently developed on this issue we remand the case for further proceedings to determine the interest of the parties to the action in the certificate of deposit and to make proper division according to that interest.

It is further argued that the trial court erred in awarding appellee a judgment against the appellant for the cost of improvements on her separate real property which were made by him with his separate funds. The testimony was in conflict as to who made payments. Appellee testified that these improvements, a swimming pool and a fence, were

paid for by his non-marital funds which he had acquired prior to the marriage in a 1974 sale of real estate. Appellant testified that only a small portion of the improvements had been paid for before appellee left her and went to California and that she and her daughter had paid for the pool with the proceeds from a life insurance policy payable to her on the death of a prior husband. She testified that appellee had told her that he was installing a swimming pool as a gift. The appellant contends that under our law where a husband advances money to improve his wife's separate property there is a presumption that a gift was intended. In *Spruill* v. *Spruill,* 241 Ark. 808, 410 S.W.2d 606 (1967) the court recognized that the presumption is rebuttable and when strictly applied frequently brings about a result that is harsh and inequitable. *Stephens* v. *Stephens,* 226 Ark. 219, 288 S.W.2d 957 (1956). Especially is this so in situations where the marriage is of short duration and there are other circumstances, such as those disclosed by this record.

The chancellor found that appellee had expended $8,460 of his personal funds for improvements on appellant's property and entered judgment for that amount. Since the testimony was in conflict on this issue we defer to the superior position of the chancellor to determine the weight to be given to the witnesses' testimony. However, as appellant points out, the appellee admitted that $875 expended by him to construct a fence around the swimming pool on her property came from joint funds. On remand an adjustment of the total amount of the judgment must be made with respect to that expenditure.

This cause is reversed and remanded for further proceedings with regard to appellant's interest in the $20,000 certificate of deposit and the entry of a modified decree not inconsistent with this opinion.

MAYFIELD and GLAZE, JJ., agree.