THE MILLERS CASUALTY INSURANCE COMPANY OF TEXAS *v.* James M. FAURIA

83-22                                   651 S.W.2d 80

Supreme Court of Arkansas
Opinion delivered May 31, 1983
[Rehearing denied June 27, 1983.]

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for petitioner.

*James R. Pate,* for respondent.

DARRELL HICKMAN, Justice. We granted review of a Court of Appeals decision in this case to determine whether the court exceeded its jurisdiction in changing the liability

of a party that did not appeal from the trial court's decision. We decide the Court of Appeals did exceed its authority and affirm the trial court's decision.

On August 25, 1976, Fauria, the appellee, then twenty-three years old, went to Caudle-Brittenum-Standridge Agency seeking automobile insurance in the amount of $100,000 per person and $300,000 per occurrence. The agency issued him a binder in that amount with the appellant, the Millers Casualty Insurance Company, to be effective until September 13, 1976.

On August 31, 1976, Millers contacted the agency employee with whom Fauria had dealt, Carolyn Huffman. Millers informed Mrs. Huffman that it could not provide coverage for Fauria with the limits requested because of his age. Mrs. Huffman contacted Fauria; he went to the agency on August 31st and signed an application for coverage with Equity Mutual Insurance Company. The application was for coverage in the amount of $100,000/$300,000, and, according to the evidence, was considered to be a binder until the application was accepted or rejected by Equity. On September 1, 1976, Mrs. Huffman got a memo from Millers confirming the prior telephone call that Fauria would only be covered by Millers' binder until September 13th.

Fauria's application to Equity was sent to Equity's general agent, Lewis & Norwood. Mrs. Huffman had failed to check Equity's manual when preparing Fauria's application and, therefore, did not see that Equity's underwriting standards absolutely prohibit coverage for drivers under twenty-five years of age in excess of $25,000 per person and $50,000 per occurrence. Lewis & Norwood crossed out the higher limits on the application, filled in the maximum amount Equity allowed, $25,000/$50,000, and sent the application back to Mrs. Huffman on August 31st or September 1, 1976. The application was accompanied by a memo which explained the changes on the application. Mrs. Huffman returned the memo to Lewis & Norwood on September 2nd with the notation that the lower limits were acceptable. She tried unsuccessfully to contact Fauria to tell him about the change.

On September 6, 1976, Fauria was involved in an automobile accident with Carmat and Juanita Crites, in which Mrs. Crites was injured. Fauria called Mrs. Huffman and she informed him that his limits had been lowered. On September 19, 1976, the Criteses filed suit against Fauria for $300,000. Fauria subsequently filed this action for a declaratory judgment in chancery court seeking a determination of the amount of his automobile liability insurance coverage and the responsibility of the defendants for that coverage. The named defendants were Caudle-Brittenum-Standridge Agency, Millers, Lewis & Norwood, and Equity.

The chancellor found that at the time of the accident Fauria was covered by binders with both Millers and Equity in the amounts of $100,000/$300,000. He found further that Caudle-Brittenum-Standridge Agency was liable to Equity for any amount in excess of $25,000 which Equity might be found to owe. Lewis & Norwood was exonerated.

All the defendants filed notices of appeal with the Court of Appeals, but Equity and Caudle-Brittenum-Standridge Agency later dismissed their appeals and only Millers perfected an appeal. The Court of Appeals, in an unpublished opinion, affirmed the chancellor in all respects but one. It ruled that the chancellor's finding that Equity's coverage was for $100,000/$300,000 was clearly against the preponderance of the evidence and, therefore, modified Equity's liability to $25,000/$50,000. The Court of Appeals was without jurisdiction to modify the judgment against Equity because the judgment against Equity had become final when Equity failed to appeal. *A. S. Barboro Co.* v. *James,* 205 Ark. 53, 168 S.W.2d 202 (1943). *See also Burks Motors, Inc.* v. *International Harvester Co.,* 250 Ark. 641, 466 S.W.2d 945 (1971). In other respects we affirm the Court of Appeals decision, finding no reason to disturb the trial court's disposition of the issues raised by Millers on appeal.

Affirmed in part.

Reversed in part.